IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 02-50236

---

FLOYD CALVIN ROBERTS,

Petitioner-Appellant,

versus

JANIE COCKRELL, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,

Respondent-Appellee.

---

Appeal from the United States District Court
For the Western District of Texas

---

January 24, 2003

Before JOLLY, HIGGINBOTHAM, and MAGILL,[*] Circuit Judges.

HIGGINBOTHAM, Circuit Judge:

Floyd Calvin Roberts, a Texas inmate convicted of delivery of marijuana to a minor, appeals the district court's order dismissing his application for habeas corpus relief.  We affirm.

I.

Roberts was convicted and sentenced in Texas state court for delivery of marijuana to a minor.  The Texas court of appeals

---

[*] Senior Circuit Judge of the Eighth Circuit, sitting by designation.

affirmed his conviction on December 23, 1999,[1] and overruled his motion for rehearing on February 10, 2000. Roberts did not file a petition for discretionary review. The court of appeals issued its mandate on April 7, 2000. Roberts filed his state habeas application on March 1, 2001, which was denied on September 12, 2001.

Roberts filed this 28 U.S.C. § 2254 application on October 12, 2001.[2] The respondent filed a motion to dismiss Roberts' application as time-barred pursuant to 28 U.S.C. § 2244(d)(1). Respondent argued that the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review on March 13, 2000, thirty days after Roberts' motion for rehearing was denied, which constituted the date on which Roberts could not seek further direct review.[3] Respondent noted that Roberts' state application tolled the limitations period from March 1, 2001, to September 12, 2001, and thus the one-year period expired on September 24, 2001. Roberts' § 2254 application, filed on October 12, 2001, was therefore time-barred. Respondent also

---

[1] *Roberts v. State*, 9 S.W.3d 460 (Tex. App.-Austin 1999, no pet.).

[2] A prisoner's habeas application is considered "filed" when delivered to the prison authorities for mailing to the district court. *See Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998). The earliest possible date that Roberts could have filed his application is the day he signed it, October 12, 2001.

[3] Texas Rule of Appellate Procedure 68.2 provides that a petition for discretionary review must be filed within 30 days after the day the court of appeals' judgment was rendered or the day the last timely motion for rehearing was overruled by the court of appeals.

2

noted that Roberts had not asserted any grounds for equitable tolling. Roberts did not file a reply.

The magistrate judge recommended that respondent's motion to dismiss be denied. The magistrate judge held that based on the Texas Court of Criminal Appeal's decision in *Ex Parte Johnson*,[4] the conviction was not final until the Texas court of appeals issued its mandate. The magistrate judge found that the mandate in Roberts' case had not issued until April 12, 2000, making his § 2254 application filed on October 12, 2001, timely.

The respondent objected, arguing that the decision in *Johnson* was a matter of state law and was not controlling in determining whether Roberts' conviction was final for purposes of the federal statute of limitations in 28 U.S.C. § 2244(d)(1)(A).

The district court dismissed Roberts' § 2254 application as time-barred. The district court agreed with the respondent, noting that although the magistrate judge's conclusion was not without support, the better view was that if the prisoner did not seek a petition for discretionary review, the "or the expiration of the time for seeking such review" phrase of § 2244(d)(1)(A) applied and the limitations period began to run at the conclusion of the time during which the prisoner could have sought further direct review.[5]

---

[4] 12 S.W.3d 472 (Tex. Crim. App. 2000) (holding that a direct appeal is final when the mandate from the court of appeals issues).

[5] 28 U.S.C. § 2244(d)(1)(A) (2000).

Roberts filed a notice of appeal and an application for a certificate of appealability (COA), arguing for the first time that the district court had failed to consider the thirteen times that Roberts had been hospitalized during the one-year period, which should have equitably tolled the limitations period. He contended that because the district court dismissed his application with prejudice, he was unable to show the court the basis for his contention and to proffer documentation of his hospitalizations. The district court granted a COA on the issue whether Roberts' application was time-barred.

## II.

28 U.S.C. § 2244(d)(1) provides that the one-year limitation period shall run from the latest of several start dates, including "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."[6] Roberts argues that the district court erred in holding that his federal habeas petition was not filed within AEDPA's one-year limitations period. We review *de novo* the denial of a federal habeas petition on procedural grounds.[7] The AEDPA statute

---

[6] *Id.*

[7] *Lookingbill v. Cockrell*, 293 F.3d 256, 260 (5th Cir. 2002) (citing *Emerson v. Johnson*, 243 F.3d 931, 932 (5th Cir. 2001); *Johnson v. Cain*, 215 F.3d 489, 494 (5th Cir. 2000)).

4

of limitations applies to all habeas petitions filed after the Act's effective date, April 24, 1996.[8]

We begin by noting that when interpreting the statutory language of 28 U.S.C. § 2244(d)(1)(A), we are not bound by the state law's definition of finality. As we stated when determining whether a state habeas petition was "pending" for purposes of 28 U.S.C. § 2244(d)(2), "although we are sensitive to state law when determining whether a motion is still 'pending,' federal law still determines the time limits under AEDPA."[9] In *Caspari v. Bohlen*,[10] the Supreme Court analyzed the finality of a state conviction for purposes of determining retroactivity under *Teague v. Lane*.[11] The Court held that convictions become final "when the availability of direct appeal to the state courts has been exhausted and the time for filing a petition for a writ of certiorari has elapsed or a timely filed petition has been finally denied."[12] In *Flanagan v. Johnson*, we held that, based in part on *Caspari*, a state prisoner's conviction becomes final for purposes of § 2244 ninety days after

---

[8] *Kiser v. Johnson*, 163 F.3d 326, 327 (5th Cir. 1999).

[9] *Lookingbill*, 293 F.3d at 262 (citing *Artuz v. Bennett*, 531 U.S. 4, 8-9 (2000) (giving language of § 2242(d)(2) priority over state law when determining whether motion is "properly filed" in state courts)); *Emerson*, 243 F.3d at 934-35 (focusing on whether motion was practically pending rather than permitted by Texas law); *Flanagan v. Johnson*, 154 F.3d 196, 200-01 (5th Cir. 1998) (applying Fed. R. Civ. P. 6's timetables, rather than state law, to 28 U.S.C. § 2244(d)(2))).

[10] 510 U.S. 383 (1994).

[11] 489 U.S. 288 (1989).

[12] *Caspari*, 510 U.S. at 390.

5

the judgment is entered, when the time to file a petition for writ of certiorari with the Supreme Court has expired.[13]

Here, Roberts did not file a petition for discretionary review within the thirty days allowed following the state appeals court overruling his motion for a rehearing. Therefore Roberts was unable to pursue further direct review.[14] Roberts argues that rather than extending the reasoning of *Flanagan* to find that his conviction was final at the end of the thirty-day period, we should instead rely on state law, which holds that a conviction is not final until the appeals court issues its mandate.[15]

The assertion that we should look to state law to determine when a state conviction is final is not without support. As noted above, we look to state law for a determination of how long a prisoner has to file a direct appeal. In addition, at least one circuit has looked to state law in determining that a conviction is final when the mandate issues.[16] This is in contrast to the Ninth Circuit, which recently held that it would not apply a state law

---

[13] *Flanagan*, 154 F.3d at 197 (citing *Caspari*, 510 U.S. at 389).

[14] By failing to file a petition for discretionary review, Roberts apparently waived his right to seek a writ of certiorari from the Supreme Court. *See* Sup. Ct. R. 10(b), 6 & 13 (requiring filing within 90 days of a *state court of last resort* entering judgement, with review of the decision by a *state court of last resort*).

[15] *See Ex Parte Johnson*, 12 S.W.3d 472 (Tex. Crim. App. 2000) (holding that a direct appeal is final when the mandate from the court of appeals issues).

[16] *See Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) (holding that under Florida law the issuance of the mandate on direct appeal makes a criminal judgment final, and that that date will be used for purposes of § 2244(d)(1)(A)).

6

that views issuance of the mandate as establishing finality to determine when a state conviction becomes final.[17] This split is found within the district courts of our circuit as well.[18] Finally, in an unpublished opinion, we stated that it was not plain error for a district court to hold that for purposes of § 2244(d)(1)(A) the date the state appellate court issues its mandate is not controlling. However, that opinion did not expressly reject the application of state law either.[19]

We find no reason to look to state law to determine when a state conviction becomes final for the purposes of § 2244(d)(1)(A). The language of § 2244(d)(1)(A) provides that a decision becomes final "by the conclusion of direct review or the expiration of the time for seeking such review."[20] We previously held that direct review includes a petition for writ of certiorari to the Supreme Court.[21] Therefore, the "conclusion of direct review" is when the Supreme Court either rejects the petition for certiorari or rules

---

[17] *See Wixom v. Washington*, 264 F.3d 894, 897-98 (9th Cir. 2001) (rejecting for purposes of § 2244(d)(1)(A) the use of a Washington state law which views issuance of the mandate as making a conviction final).

[18] *See, e.g.*, *Royale v. Cockrell*, No. 3:01-CV-1063-X, 2001 WL 1148946, at *3 (N.D. Tex. Sept. 18, 2001) (stating that "finality of a judgment is determined pursuant to state law" which holds that a judgment does not become final until the mandate has issued). *But see Mott v. Johnson*, No. 3:01-CV-0171-R, 2001 WL 671476, at *2 (N.D. Tex. June 12, 2001) (stating that petitioner's conviction became final thirty days after the court of appeals rendered judgment).

[19] *See Vanduren v. Cockrell*, No. 00-20899 (5th Cir. Jan. 11, 2001).

[20] § 2244(d)(1)(A).

[21] *See Giesberg v. Cockrell*, 288 F.3d 268, 270 (5th Cir. 2002).

on its merits.  If the conviction does not become final by the conclusion of direct review, it becomes final by "the expiration of the time for seeking such review."[22]  We previously held that this includes the ninety days allowed for a petition to the Supreme Court following the entry of judgment by the state court of last resort.  If the defendant stops the appeal process before that point, the conviction becomes final when the time for seeking further direct review in the state court expires.  This holding is consistent with our previous decision in *Flanagan*, where finality was established by the expiration of the ninety-day period to seek further review with the Supreme Court, rather than the date the conviction became final for purposes of state law.[23]

Here, the one-year limitations period began to run on March 11, 2001, when the thirty-day period for filing a petition for discretionary review in state court ended.[24]  Because the decision became final when the time for seeking further direct review expired, the issuance of the mandate by the state court of appeals is of no consequence for the purposes of § 2244(d)(1)(A).  Although the one-year limitations period was tolled while Roberts' state habeas petition was pending, his one-year period expired on

---

[22] § 2244(d)(1)(A).

[23] This holding also has the advantage of ensuring proper notice of the defendant.  The state appeals court notifies the defendant when its judgment is entered, but it sends the mandate to the trial court, not the defendant.

[24] *See* Tex. R. App. P. 68.2(a).

8

September 24, 2001 and therefore his § 2254 application filed on October 12, 2001 is time-barred.

## III.

Roberts argues that he is entitled to equitable tolling because he was hospitalized thirteen times during the one-year period. He contends that he was not permitted to argue the issue of equitable tolling in the district court. "AEDPA's limitations period is subject to equitable tolling and is not a jurisdictional bar. Therefore, a court may toll the limitations period in '*rare and exceptional circumstances.*'"[25]

Roberts' equitable tolling argument was raised for the first time in his COA application to the district court. We generally will not consider a claim raised for the first time in a COA application.[26] However, even if we were to consider Roberts' claim for equitable tolling, it would fail on the merits.

To begin with, Roberts was not denied the opportunity to argue equitable tolling in the district court. In the respondent's motion to dismiss before the district court, respondent pointed out that Roberts had not alleged a basis for equitable tolling. Roberts could and should have raised his equitable tolling argument by filing a reply.

---

[25] *Lookingbill*, 293 F.3d at 263-64 (emphasis in original) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)).

[26] *See Lackey v. Johnson*, 116 F.3d 149, 152 (5th Cir. 1997).

9

As the appellee correctly notes, Roberts has not supplied the necessary details concerning his hospitalizations, such as when and for how long and at what stage of the proceedings they occurred, so as to allow a determination of whether they could have interfered with his ability to file his § 2254 application in a timely manner. Roberts did not provide these details to the district court in his COA application, nor did he attempt to file a Rule 59(e) motion for reconsideration. Therefore we find that Roberts has established no reason to support equitable tolling of the one-year limitation.

## IV.

For the reasons stated above, we AFFIRM the decision of the district court finding that Roberts' application for habeas relief is time-barred.