Tommy E. BUIE, # R4065, Petitioner,

v.

Christopher EPPS, State of Mississippi and Mike Moore, Attorney General, Respondents.

Civ.A. No. 3:02CV1535BN.

United States District Court,
S.D. Mississippi,
Jackson Division.

July 7, 2003.

Tommy E. Buie, Parchman, MS, Pro Se.

Michael C. Moore, Office of the Attorney General, Jackson, MS, for defendants.

BARBOUR, District Judge.

## OPINION AND ORDER

### I. Introduction

This cause is before the Court on two Objections to a Report and Recommendation of United States Magistrate Judge Alfred G. Nicols, Jr. (hereinafter "R and R"). The subject R and R was signed by Judge Nicols on April 28, 2003, and filed with the Clerk of the Court on April 30, 2003. Judge Nicols found that the Motion of Respondents to Dismiss, filed October 16, 2002, should be granted because Petitioner's Motion for Habeas Corpus Relief

was not filed in a timely manner under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Accordingly, Judge Nicols dismissed Buie's Petition for Writ of Habeas Corpus with prejudice due to its untimeliness. On May 8, 2003, Buie filed an Objection to the R and R, and on May 13, 2003, Respondents filed a separate Objection to the R and R. The Court will consider the two Objections under the following subheadings.

## II. Buie's Objection to R and R

█ In Buie's Objection, he makes the same claims that were made in response to Petitioner's Motion to Dismiss. That is, he contends that the Court should apply the equitable tolling doctrine to the limitation period set forth in the AEDPA, thus allowing him to proceed with his untimely filed Petition for Writ of Habeas Corpus. Under Federal Rule of Civil Procedure 72(a), a district judge has the authority to review a magistrate judge's order. If the contents of the order are found to be clearly erroneous or contrary to the law, the order may be modified or set aside. *Id.* After reviewing all relevant data regarding the issue of equitable tolling, the Court finds that Judge Nicols' R and R, was neither clearly erroneous nor contrary to the law. Therefore, Buie's Objection must be denied.

## III. Respondents' Objection to R and R

As stated above, Respondents filed a Motion to Dismiss Buie's Petition for Writ of Habeas Corpus, and the Motion to Dismiss was granted. Thus, the recommendation of the Magistrate is that Buie's Petition be dismissed with prejudice. Nevertheless, Respondents have filed an Objection, arguing that although they agree with Judge Nicols' ultimate conclusion regarding the untimeliness of the petition, they disagree with his "interpretation of recent case law clarifying the language in 28 U.S.C. § 2244(d)(1)(A)(defining when

a judgment becomes final.)" Objection of Respondents to R and R, p. 1.

The Federal Rules of Civil Procedure permit a party to object "to the recommended *disposition*" of a magistrate report and recommendation. Fed.R.Civ.P. 72(b) (emphasis added). When a party files specific written objections to the report and recommendation, the district judge "shall make a *de novo* determination upon the record ... of any portion of the magistrate judge's disposition to which specific written objection has been made.... The district judge may accept, reject, or modify the recommended decision." *Id.*

The Court notes that Respondents' Objection is not to the recommended disposition of the magistrate's report, and thus appears to fall outside of the express language of Rule 72(b). However, because Respondents filed a specific written Objection, the Court will address the Objection.

Judge Nicols found that Buie was convicted on February 18, 1998, and that his conviction was affirmed by the Mississippi Court of Appeals on March 7, 2000. Buie filed a Motion for Rehearing with the Mississippi Court of Appeals, which was denied on June 27, 2000. On August 3, 2000, Buie filed a Motion to File Out of Time Writ of Certiorari, which was denied by the Mississippi Supreme Court on December 4, 2000. Buie did not petition the United States Supreme Court for writ of certiorari. However, on March 23, 2002, he did file a motion titled Application for Leave to Proceed in Trial Court, which was denied by the Mississippi Supreme Court on July 23, 2002.

In determining when the conviction became final for purposes of commencing the one-year statute of limitations of the AEDPA, Judge Nicols began with the June 27, 2000, date on which the Mississippi Court of Appeals affirmed Buie's conviction and

sentence. He then added the fourteen-day period allowed under Mississippi Rule of Appellate Procedure 17(b) to request a writ of certiorari to the Mississippi Supreme Court. Judge Nicols also found that because Buie did not file a timely petition for writ of certiorari with the Mississippi Supreme Court, Buie stopped the appeal process before the conclusion of direct review. By failing to file a petition for writ of certiorari with the Mississippi Supreme Court, thus stopping the appeal process, his conviction became final for purposes of the AEDPA. Based on the foregoing, Judge Nicols expressly found that Buie's conviction became final fourteen days after June 27, 2000, which was July 11, 2000. Respondents apparently agree with all of the preceding findings of Judge Nicols.

The objection of Respondents is that Judge Nicols should have stopped there. That is, Respondents argue that the AEDPA one year statute of limitations began running on July 11, 2000, and expired one year later. Respondents further argue that Judge Nicols incorrectly added an additional ninety days, as the time allowed for seeking a writ of certiorari to the Supreme Court of the United States. Respondents argue that a recent decision by the United States Court of Appeals for the Fifth Circuit clarifies that a petitioner can only add the ninety days to seek certiorari to the Supreme Court of the United States if he has completed the entire direct appeal process in state court. *See, Roberts v. Cockrell,* 319 F.3d 690, 693–94 (5th Cir. 2003). Where, as here, the petitioner stops the state appeal process before completion, the ninety-day period for seeking certiorari is waived, and should therefore be excluded from the calculation of determining when the AEDPA statute of limitations commences. *See, id.*

The Court notes that the Report and Recommendation does not expressly turn on whether to include the ninety-day period in the calculation. Regardless of whether the statute of limitations commenced on July 11, 2000, or ninety days later on October 9, 2000, Buie's Petition was untimely and is due to be dismissed with prejudice. When first addressing the issue, Judge Nicols states that Bell's conviction became final *at least* by October 9, 2000. The language of the Report and Recommendation indicates that the inclusion of the ninety-day period was intended not to be a statement of precedential law, but instead to demonstrate how untimely Buie's Petition was filed.

Regardless, the Court agrees with Respondents' argument. In *Roberts,* the Fifth Circuit made two findings that are significant to the current Objection. First, the Court noted that by failing to file a petition for discretionary review by the state court of last resort (here, the Mississippi Supreme Court), a petitioner waives his right to seek certiorari from the Supreme Court of the United States. *Roberts,* 319 F.3d at 693 n. 14 (citing Sup.Ct. R. 10(b), 6, and 13). The second significant finding is that the Fifth Circuit

> previously held that direct review includes a petition for writ of certiorari to the Supreme Court [of the United States]. Therefore the 'conclusion of direct review' is when the Supreme Court [of the United States] either rejects the petition for certiorari or rules on its merits. If the conviction does not become final by the conclusion of direct review, it becomes final by 'the expiration of the time for seeking such review.' [The Fifth Circuit] previously held that this includes the ninety days allowed for a petition to the Supreme Court [of the United States] following the entry of judgment by the state court of last resort. If the defendant stops the appeal process before that point, the conviction becomes final when the time for seeking

further direct review in the state court expires.

*Id.* at 694 (footnotes omitted).

■ Here, Buie stopped the appeal process prior to timely seeking review in the Mississippi Supreme Court, the court of last resort in the State of Mississippi. Thus, his conviction became final when the time for seeking such review expired. The date of finality is thus July 11, 2000, as found by Judge Nicols. The one year statute of limitations of the AEDPA began running on that date and ran without tolling until July 11, 2001. Buie's initial motion for post-conviction relief was not filed until March 23, 2002, which was after the July 11, 2001, deadline had expired. This pleading was filed too late to have stopped the running of the statute. Buie's petition in this cause was not filed until sometime between September 18, 2002 (the date he purportedly signed the petition) and September 26, 2002 (the date the petition was filed by the Clerk of this Court). This filing was obviously untimely for the purpose of meeting the AEDPA statute of limitations.

## IV. Conclusion

The Court has made a *de novo* review of the R and R of the United States Magistrate Judge, and finds that the Magistrate Judge relied on correct law and made correct legal conclusions, except as discussed previously.

Having considered the Objections of Petitioner and Respondents, the Court finds that the R and R signed by Judge Nicols on April 28, 2003, and filed with the Clerk of the Court on April 30, 2003, should be modified to conform with this Opinion and Order of the Court, and adopted as modified as the Opinion of this Court.

IT IS THEREFORE ORDERED that Petitioner's Objection [7–1] to the Report and Recommendation of the Magistrate Judge is hereby denied.

IT IS FURTHER ORDERED that Respondents' Objection [8–1] to the Report and Recommendation of the Magistrate Judge is hereby granted. The Report and Recommendation is modified as stated herein.

IT IS FURTHER ORDERED that the Report and Recommendation of the United States Magistrate Judge signed by Judge Nicols on April 28, 2003, and filed with the Clerk of the Court on April 30, 2003, is hereby adopted as the Opinion of the Court, except as modified herein.

A separate Final Judgment will be entered this day dismissing this cause with prejudice.

### *FINAL JUDGMENT*

This matter having come to be heard on this date upon the Objection of Petitioner and Respondents to the Report and Recommendation of United States Magistrate Judge Alfred G. Nicols, Jr., entered in the above referenced cause of action on April 30, 2003, and the Court, after considering the objections of Petitioner and Respondents, having made a full review of the record, and having modified and adopted said Report and Recommendation as the findings of this Court by an Order dated this day, finds that this cause shall be dismissed with prejudice.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the Motion of the Respondents to Dismiss is hereby granted, and this cause is hereby dismissed with prejudice.