United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 28, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 03-50857
Summary Calendar

———————————————

SHELBY W. FIFE,

Petitioner-Appellant,

versus

DOUG DRETKE, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. A-03-CV-220-H
--------------------

Before JOLLY, WIENER, and PICKERING, Circuit Judges.

PER CURIAM:[*]

Shelby W. Fife, Texas inmate #1039740, appeals the district

court's dismissal as time-barred pursuant to 28 U.S.C. § 2244(d)

of his 28 U.S.C. § 2254 petition.  Fife was convicted of

retaliation and was sentenced to ten years of imprisonment.

When the Texas Court of Criminal Appeals denied Fife's

application for state post conviction relief on February 12,

2003, Fife had twenty-five days remaining in the one-year period

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

described in 28 U.S.C. § 2244(d) to file a timely 28 U.S.C. § 2254 petition. Fife's one-year period expired on Sunday, March 9, 2003. Fife executed his 28 U.S.C. § 2254 petition on March 20, 2003, and placed the petition in the prison mailing system on March 25, 2003.

Although Fife replied in the district court to Respondent's argument that the 28 U.S.C. § 2254 petition was time-barred and that equitable tolling did not apply, Fife did not allege facts that would warrant the application of equitable tolling. In objections to the magistrate judge's report and recommendation, Fife alleged facts in support of the application of equitable tolling but did not mention the lock-down.

Following the entry of a final judgment dismissing his 28 U.S.C. § 2254 petition, Fife moved the district court for a certificate of appealability ("COA") and argued for the first time that he had been confined in lock-down from February 24, 2003, until March 27, 2003, when the limitations period expired. Fife argues that he was prevented from filing his § 2254 petition because he was in lock-down, but does not explain why it was that he was able to sign the petition on March 20, 2003, and was able to place it in the prison mailing system on March 25, 2003, both dates being within the time he claimed he was in lock-down. The district court denied a COA.

Fife subsequently was granted a COA on the issues: (1) whether we may consider an equitable tolling argument raised

for the first time in a COA application to the district court, and if so, what is the proper standard of review for claims raised for the first time in a COA application to the district court; and (2) whether a prison lock-down should equitably toll the limitations period.

In Roberts v. Cockrell, 319 F.3d 690, 692, 695 (5th Cir. 2003), after the district court dismissed the 28 U.S.C. § 2254 petition as time-barred, the petitioner moved the district court for a COA and raised an equitable tolling argument for the first time. The district court granted a COA on the issue whether the petition was time-barred. Roberts, 319 F.3d at 692. In our decision affirming the district court's judgment, we explained that we "generally will not consider a claim raised for the first time in a COA application" and observed that even if we "were to consider Roberts' claim for equitable tolling, [the claim] would fail on the merits." Id. at 691, 695.

Fife's case presents circumstances even less compelling than those in Roberts and provides fewer grounds upon which to base a departure from the general rule. Fife had at least two opportunities prior to the district court's entry of final judgment to assert the lock-down as grounds for the application of equitable tolling. See id. at 695. Fife alleged new facts in support of the application of equitable tolling in his COA motion to the district court. In accordance with our decision in

Roberts, 319 F.3d at 695, we will not consider Fife's claim raised for the first time in a COA motion to the district court.

Accordingly, we AFFIRM the judgment of the district court. Respondent's motion to supplement the record is DENIED.

AFFIRMED; MOTION DENIED.