United States Court of Appeals
Fifth Circuit

**F I L E D**

December 16, 2004

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

---

**No. 02-41690**

---

**GILBERT ROY GOODWIN,**

**Petitioner-Appellant,**

**versus**

**DOUG DRETKE, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
CORRECTIONAL INSTITUTIONS DIVISION,**

**Respondent-Appellee.**

---

**Appeal from the United States District Court
for the Eastern District of Texas
(1:02-CV-578)**

---

Before BARKSDALE, GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

This appeal is before us following our remand to the district court to rule on the State's time-bar claim. Gilbert Goodwin, Texas prisoner # 749472, appeals, *pro se*, the denial of his 28 U.S.C. § 2254 habeas petition, which claims his parole-denial violated the United States Constitution's Ex Post Facto Clause. When the petition was first before the district court, and because the State had not been served, the district court did not address the State's time-bar claim, which it raises here: whether Goodwin's petition was time-barred under 28 U.S.C. §

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2244(d)(1)(D). Accordingly, because the record was not sufficient for us to decide that issue, we retained jurisdiction, but remanded to the district court for it to decide the State's time-bar claim under § 2244(d)(1)(D). *Goodwin v. Dretke*, 02-41690 (5th Cir. 29 June 2004) (*Goodwin I*). Apparently applying § 2244(d)(1)(A) instead, the district court concluded Goodwin's claim was time barred. We **REMAND** for a determination of the time-bar claim under § 2244(d)(1)(D).

## I.

In 1993, Goodwin was convicted in Texas of felony aggravated sexual assault. Goodwin has been denied parole twice. On 25 June 2002, more than a year after the second parole-denial, Goodwin filed a state habeas application, claiming: the Board of Pardons and Paroles denied him parole using a procedure enacted after the commission of his offense, thereby violating the Ex Post Facto Clause. Without written order, the Court of Criminal Appeals denied his application on 14 August 2002.

Goodwin's federal habeas petition was filed later in August 2002. As noted, the State was not served in district court and, therefore, did not raise the time-bar claim now at issue. The district court denied habeas relief. On appeal, the State raised the time-bar claim. In *Goodwin I*, we remanded for a determination on that issue. The district court concluded the petition is time-

2

barred. In so ruling, it concluded that Goodwin is not entitled to equitable tolling.

## II.

Because Goodwin filed his § 2254 habeas petition after the effective date of the Antiterrorism and Effective Death Penalty Act (AEDPA) that Act controls. *E.g., Scott v. Johnson*, 227 F.3d 260, 262 (5th Cir. 2000), *cert. denied*, 532 U.S. 963 (2001). Under AEDPA, § 2244(d), there is a one-year limitations period for federal petitions brought by state prisoners. This period runs from the latest of: under subpart (A), "the date on which the judgment became final"; under subpart (B), "the date on which the impediment to filing an application created by [unconstitutional] State action [was] removed"; under subpart (C), "the date on which" the Supreme Court "initially recognized" the constitutional right, "if the right ... [is] made retroactively applicable to cases on collateral review"; or under subpart (D), "the date on which the factual predicate of the claim ... could have been discovered through the exercise of due diligence". 28 U.S.C. § 2244(d)(1)(A)-(D). The period is tolled while a state habeas petition for the claim is pending. 28 U.S.C. § 2244(d)(2).

As discussed in *Goodwin I*: the State asserts, and Goodwin does not dispute, that, for limitations purposes, § 2244(d)(1)(D) governs the timeliness *vel non* of the filing of his petition; our sister circuits have applied § 2244(d)(1)(D) to claims predicated

3

on parole decisions; and we adopted that approach. *Goodwin I* at 4. Accordingly, the one-year filing period began to run on the date Goodwin could have "discovered" the "factual predicate of [his] claim" for the parole-denial "through the exercise of due diligence". 28 U.S.C. § 2244(d)(1)(D). Depending upon when Goodwin's one-year limitations period began, that period was possibly tolled from 25 June 2002 to 14 August 2002, while his state habeas petition was pending. 28 U.S.C. § 2244(d)(2).

In May 1991, when Goodwin committed the sexual assault, parole decisions were made by panels composed of three Board members and required a majority vote. TEX. CRIM. PROC. art. 42.18 § 7(e) (West 1991). A new procedure, enacted in 1995, requires the votes of two-thirds of the entire Board (15 members) to grant parole. TEX. GOV'T CODE ANN. § 508.046 (West 2001).

The new procedure was used for both of Goodwin's parole-denials. Goodwin does not contend he would have been granted parole in his first hearing under the former procedure. Rather, Goodwin contends: the voting records from his June 2001 parole-denial indicate that all three members who would have been assigned to review him under the former procedure voted in favor of parole; therefore, he would have been granted parole under that procedure. Accordingly, Goodwin claims the application of the new procedure to his 2001 parole proceeding violates the Ex Post Facto Clause because it increased his sentence. Therefore, Goodwin asserts that

4

his habeas claim did not arise until his second parole-denial in June 2001. In the alternative, Goodwin requests equitable tolling.

*Goodwin I* held that, in order to avoid deciding the substantive law of the Ex Post Facto Clause, the time-bar issue had to be decided first. *Goodwin I* at 6. Along that line, various collateral factual issues needing to be decided were discussed, for resolution on remand to the district court. *Id.* at 6-8.

Pursuant to the *Goodwin I* remand, the district court found that Goodwin's habeas claim arose on 7 June 2001, the date of his second parole denial, rather than on 4 February 1999, the date of his first parole denial. Citing *Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2003), the district court determined: the judgment became final when the Parole Board reached its decision on 7 June 2001; and the date Goodwin was notified of his parole denial was irrelevant. When a judgment becomes final is the relevant inquiry under subpart (A), *not* subpart (D). Likewise, *Cockrell*, cited by the district court, involves application of subpart (A). Therefore, we assume the district court assessed the timeliness of Goodwin's claim under subpart (A).

The law of the case from *Goodwin I*, however, is that subpart(D), not subpart (A), applies to this claim because it is predicated on a parole hearing. In order to make a determination under subpart (D), the district court must determine "the date on which the factual predicate of the claim could have been discovered

5

by due diligence". 28 U.S.C. § 2244(d)(1)(D). That is, the district court will have to find when Goodwin could have discovered, by the exercise of due diligence, his second parole application had been denied.

As noted, *Goodwin I* describes other factual issues that must be decided by the district court in deciding the time-bar claim, such as when Goodwin's federal habeas petition was filed. (*On remand*, the district court *assumed* it was filed on 20 August 2002. *Goodwin v. Director, TDCJ-CID*, 1:02-CV-578, at 2 n.1 (E.D.Tex. 26 Oct. 2004).) Of course, the district court may decide that other issues must be resolved as well. In this regard, the district court may decide additional evidence may be filed and an evidentiary hearing is required, especially in the light of the State's not being able earlier to file evidentiary material in district court because it was not served before Goodwin's habeas petition was denied by the district court.

As also noted, the district court also determined on remand that Goodwin was not entitled to equitable tolling. Following the district court's decision on this second remand, when this matter is returned to our court for review, Goodwin may, of course, challenge that no-equitable-tolling decision.

### III.

For the foregoing reasons, we retain jurisdiction of this appeal, but **REMAND** to the district court for the following

determinations: (1) applying § 2244(d)(1)(D), the date on which Goodwin could have discovered, using due diligence, that he was denied parole, following his second parole hearing; and (2) whether Goodwin's petition is time-barred. (On 9 November 2004, Goodwin filed a petition for panel rehearing, which we consider a motion to remand. That portion of Goodwin's motion requesting remand for a determination under § 2244(d)(1)(D) is **DENIED** as moot. That portion of Goodwin's motion concerning equitable tolling is **DENIED** as premature.)

*REMANDED*