IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 3, 2007

Charles R. Fulbruge III
Clerk

No. 05-20297
Summary Calendar

———————

HARVEY DALE ANGEL,

Petitioner-Appellant,

v.

NATHANIEL QUARTERMAN,
Director, Texas Department of Criminal Justice,
Correctional Institutions Division,

Respondent-Appellee.

———————

Appeals from the United States District Court
for the Southern District of Texas
No. 4:05-CV-892

———————

Before REAVLEY, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Harvey Angel, Texas prisoner # 638529, pleaded guilty of aggravated sexual assault. He appeals following the dismissal of his 28 U.S.C. § 2254 application

———

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

for failure to state a claim and the grant of a certificate of appealability ("COA") as to his ex post facto claim. We may affirm the denial of relief under § 2254 on any basis supported by the record. Scott v. Johnson, 227 F.3d 260, 262 (5th Cir. 2000). Because Angel was given notice of the timeliness issue and an opportunity to respond when a COA was granted, consideration of the limitations period in 28 U.S.C. § 2244(d) is appropriate. Id. at 262-63. Section 2244(d)(1)(D) governs the timeliness of claims predicated on parole decisions. See Goodwin v. Dretke, 118 F. App'x 817, 818 (5th Cir. 2004). Pursuant to this section, the one-year limitations period for § 2254 applications begins on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

Giving Angel the benefit of the doubt and assuming arguendo that the limitations period began to run on March 14, 2003, when he was informed that the new law had been applied to deny his parole, his § 2254 application is untimely. The limitations period ran from March 14, 2003, until November 26, 2003, when Angel filed his third state application for postconviction relief. The limitations period was tolled until January 14, 2004, when this application was denied. The period expired on May 3, 2004. Therefore, Angel's application, which was filed on March 17, 2005, is untimely. Accordingly, we modify the judgment and dismiss the application as time-barred.

Angel's motions to seal his identity and to take judicial notice are denied. His motion to file a supplemental brief is denied to the extent that he seeks to provide new information regarding parole and incarceration rates, but to the extent that the motion cites new caselaw, it is granted. See FED. R. APP. P. 28(j).

JUDGMENT MODIFIED; § 2254 APPLICATION DISMISSED AS TIME-BARRED; MOTIONS TO SEAL AND TO TAKE JUDICIAL NOTICE DENIED; MOTION TO FILE SUPPLEMENTAL BRIEF GRANTED IN PART AND DENIED IN PART.