# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 15, 2010

No. 09-20512
Summary Calendar

Lyle W. Cayce
Clerk

WALTER CLIFFORD BECK,

Petitioner-Appellant

v.

RICK THALER, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:08-CV-2963

Before WIENER, PRADO and OWEN, Circuit Judges.

PER CURIAM:[*]

Walter Clifford Beck, Texas prisoner # 1339487, appeals the dismissal of his 28 U.S.C. § 2254 habeas corpus petition as time barred. Beck's § 2254 petition challenged his aggravated robbery conviction, for which he was sentenced 65 years of imprisonment.

Under § 2244(d)(1), a one-year period of limitation applies to § 2254 petitions. The limitation period does not begin to run until, at the earliest, "the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A). The limitations period is tolled during the pendency of a properly filed state habeas application. § 2244(d)(2). Direct review is generally concluded when the Supreme Court either rejects a petition for certiorari, rules on its merits, or by the expiration of the 90 days allowed for a petition of certiorari to the Supreme Court following the entry of judgment by the state court of last resort. *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003). However, "[i]f the defendant stops the appeal process before that point, the conviction becomes final when the time for seeking further direct review in the state court expires." *Id.*

In this case, the district court found that Beck terminated the appeal process by missing an extended deadline for filing his petition for discretionary review (PDR). We granted Beck a COA solely as to whether the district court erred in finding that his PDR was untimely and dismissing his § 2254 petition as time barred.

Beck argues that he did not miss the PDR deadline because Texas applies a "mailbox rule" to PDRs. If Beck is correct, then he timely filed his § 2254 petition less than a year after the expiration of the 90 days allowed for a certiorari petition. *See Roberts*, 319 F.3d at 694. The respondent agrees with Beck and asserts that the TCCA accepted Beck's PDR as timely under Texas Rule of Appellate Procedure 9.2(b). In addition, the respondent supplemented the record with relevant state court papers by permission of this court.

While a district court may raise the AEDPA time bar sua sponte in § 2254 proceedings, *Day v. McDonough*, 547 U.S. 198, 209 (2006), "information essential to the [AEDPA] time calculation is often absent . . . until the State has filed, along with its answer, copies of documents from the state-court proceedings." *Id.* at 207 n.6. In this case, because the respondent was not served prior to dismissal of the action, the district court did not have the benefit of the pertinent state court records which are now before this court and which would have aided

2

the district court's decisional process.  Furthermore, the respondent's argument in this court, that Beck's § 2254 petition was timely, could be construed as a deliberate waiver of the statute-of-limitations defense. *See Day*, 547 U.S. at 202 ("[W]e would count it an abuse of discretion to override a State's deliberate waiver of a limitations defense . . . .").

In light of the respondent's position on appeal regarding the time bar and the information contained in the record as supplemented on appeal, the order of the district court dismissing Beck's § 2254 petition as untimely is VACATED, and the case is REMANDED to the district court for further proceedings consistent with this opinion.