# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-20651

United States Court of Appeals
Fifth Circuit

**FILED**
July 11, 2018

Lyle W. Cayce
Clerk

WILLIAM EDWARD ERICKSON,

　　　　Petitioner - Appellant

v.

LORIE DAVIS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

　　　　Respondent - Appellee

Appeal from the United States District Court
for the Southern District of Texas

Before DENNIS, CLEMENT, and ENGELHARDT, Circuit Judges.

EDITH BROWN CLEMENT, Circuit Judge:

William Edward Erickson, Texas prisoner #1805402, filed a petition for federal habeas corpus relief in the district court. Texas filed a motion for summary judgment on the basis that Erickson's petition was time barred. The district court granted the motion. For the reasons set forth, we vacate and remand.

I.

Erickson pleaded guilty to murder and was sentenced to life imprisonment in state court. *Erickson v. State*, No. 14-12-00767-CR, 2013 WL 6405476, *1 (Tex. App. Dec. 5, 2013) (unpublished). On direct appeal, the state

No. 16-20651

appellate court affirmed his conviction and sentence, but the court modified the judgment to delete the specific dollar amount of court costs assessed against Erickson. *Id.* at \*5–6. Both Erickson and the State sought petitions for discretionary review ("PDR") in the Texas Court of Criminal Appeals ("TCCA"). *Erickson v. State*, No. PD-1709-13, 2014 WL 1512969, \*1 (Tex. Crim. App. Apr. 16, 2014) (unpublished). The TCCA granted the State's PDR as to court costs, vacated the state appellate court's judgment, and remanded. *Id.* But, the TCCA denied Erickson's PDR in the same opinion. *Id.*

On May 29, 2014, the state appellate court addressed the court costs question on remand. *Erickson v. State*, No. 14-12-00767-CR, 2014 WL 2447068, \*1 (Tex. App. May 29, 2014). In light of new TCCA controlling law, the appellate court affirmed the original judgment of the trial court. *Id.* Erickson did not seek further review in the TCCA or by writ of certiorari to the United States Supreme Court.

Erickson then filed a state habeas application on January 22, 2015. The TCCA denied the habeas application without written order on the findings of the trial court on June 3, 2015.

Then, Erickson filed his 28 U.S.C. § 2254 petition on November 12, 2015. The State moved for summary judgment, arguing that Erickson's federal habeas petition was time barred. The district court granted the State's motion and dismissed the § 2254 petition as time barred. The district court also denied a certificate of appealability ("COA").

Erickson filed a timely notice of appeal to this court and moved for a COA. This court granted Erickson a COA as to whether his § 2254 petition was timely and we now consider the issue.

II.

The court reviews a district court's dismissal of a habeas petition as time barred de novo. *Mathis v. Thaler*, 616 F.3d 461, 473 (5th Cir. 2013).

2

No. 16-20651

III.

Erickson contends that his § 2254 petition was timely because his state conviction became final on July 16, 2014—90 days after the TCCA refused his PDR on April 16, 2014 and his time to file a petition for a writ of certiorari in the United States Supreme Court expired. The district court instead determined that Erickson's time to file began to run on June 30, 2014—30 days after the state appellate court's May 29, 2014 opinion on remand, and when his period for filing a petition for a PDR on that issue expired. Despite its contrary position in the district court, the State now concedes that Erickson's petition was timely, and it agrees that the district court's judgment should be vacated and the case remanded for further proceedings.

The Antiterrorism and Effective Death Penalty Act of 1996 relevantly provides that a prisoner in custody pursuant to a judgment of a state court must file his § 2254 application within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). This limitation period is tolled during the pendency of "a properly filed application for State post-conviction or other collateral review." *Id.* § 2244(d)(2). When granting Erickson's COA, this court explained that "our precedent indicates both that a conviction becomes final 30 days after the final ruling of a Texas court of appeals when a petitioner does not file a PDR and that a conviction becomes final 90 days after the final ruling of the TCCA when a petitioner does not file a petition for writ of certiorari, [but] it does not indicate which date is controlling when they conflict."

Although this court has not directly addressed this issue, *Roberts v. Cockrell* is instructive. In *Roberts*, this court explained that "a decision becomes final by the conclusion of direct review or the expiration of the time for seeking such review." 319 F.3d 690, 694 (5th Cir. 2003) (internal quotations

omitted). And because "direct review includes a petition for certiorari to the Supreme Court[,] . . . the conclusion of direct review is when the Supreme Court either rejects the petition for certiorari or rules on its merits." *Id.* (internal quotations omitted); *see also Jimenez v. Quarterman*, 555 U.S. 113, 120 (2009) (explaining that convictions are not final if it is still "capable of modification through direct appeal . . . to th[e] [Supreme] Court on certiorari review"). Finally, "[i]f the conviction does not become final by the conclusion of direct review, it becomes final by the expiration of the time for seeking such review." *Roberts*, 319 F.3d at 694 (internal quotations omitted); *see also Gonzalez v. Thaler*, 565 U.S. 134, 149–50 (2012).

Here, although Erickson's time to seek any further relief in state court expired on June 30, 2014—30 days after the state appellate court's opinion on remand—his time to seek relief in the Supreme Court as to the TCCA's denial of his PDR had not yet expired. Erickson's option to file, and time for filing, a writ of certiorari was not affected by the TCCA's grant of the State's PDR. That Erickson did not actually file a petition for certiorari is insignificant. *See Roberts*, 319 F.3d at 694. Therefore, the date which Erickson's conviction became final, and the date that must be used to calculate Erickson's one-year deadline for filing a § 2254 petition, is July 16, 2014—90 days after the TCCA refused his PDR on April 16, 2014. The one-year period was tolled for 133 days, from January 22, 2015 until June 3, 2015, during the pendency of his state habeas application. 28 U.S.C. § 2244(d)(2). Erickson's § 2254 petition was therefore due on or before November 25, 2015. Because Erickson filed the application on November 12, 2015, his § 2254 application was timely.

Accordingly, the judgment of the district court is VACATED and the case is REMANDED for proceedings on Erickson's habeas petition.