# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-20627
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 13, 2019

Lyle W. Cayce
Clerk

JASON HENDERSHOTT,

Plaintiff-Appellant

v.

WARDEN KELLY STRONG; WARDEN C. PANSY; WARDEN DAGEL; WARDEN J. SHELLY; WARDEN J. RODRIGUEZ; WARDEN WATSON; WARDEN V. LONG; WARDEN H. ORTIZ,

Defendants-Appellees

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:14-CV-3123

Before HIGGINBOTHAM, ELROD, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Jason Hendershott, Texas prisoner # 1659369, appeals the district court's sua sponte dismissal of his 42 U.S.C. § 1983 civil rights action under 28 U.S.C. § 1915(e)(2)(B) as frivolous and for failure to state a claim on which relief could be granted. In his § 1983 complaint, Hendershott alleged the denial of his right to access the courts in order to pursue a federal habeas action

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

challenging his convictions of eight counts of aggravated sexual assault of a child, two counts of aggravated kidnapping, and two counts of indecency with a child.  His motion to supplement his brief with additional case law is GRANTED; his motions for the appointment of appellate counsel and to strike the appellees' brief are DENIED.

We review the district court's dismissal de novo.  *See Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005).  Hendershott's § 1983 complaint was not time barred, *see Piotrowski v. City of Houston*, 51 F.3d 512, 516 (5th Cir. 1995), but he has not shown that the district court erred in determining that his complaint was frivolous or failed to state a claim because he has failed to show that he suffered actual harm.  *See Lewis v. Casey*, 518 U.S. 343, 349-54 (1996).

The one-year limitation period for Hendershott to file a timely § 2254 application expired before his legal materials were allegedly taken from him. *See* 28 U.S.C. § 2244(d); *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir. 1998); *see also Artuz v. Bennett*, 531 U.S. 4, 8 (2000).  Although he contends that a prior attempt at a § 2254 application was never received by the district court, he does not allege any facts demonstrating that the earlier § 2254 application failed to reach its destination due to the actions, intentional or otherwise, of any of the defendants, and thus, he has not shown that the loss of his mail denied him access to the courts.  *See Brewer v. Wilkinson*, 3 F.3d 816, 821 (5th Cir. 1993).

Additionally, to the extent that Hendershott contends that the limitations period should have been equitably tolled due to the loss of this earlier application, Hendershott has not shown that the loss prevented him from filing another § 2254 application before his legal materials were allegedly taken from him. *See Holland v. Florida*, 560 U.S. 631, 649 (2010).  Hendershott also contends that other events, including a knee surgery in March 2014 and

trips to a hospital and mental facility, interfered with his ability to prepare his second § 2254 application. However, he has not provided sufficient details to state a claim that he experienced more than brief periods of incapacity or that these periods warranted equitable tolling. *See Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010); *Roberts v. Cockrell*, 319 F.3d 690, 695 (5th Cir. 2003); *Fisher v. Johnson*, 174 F.3d 710, 713-15 (5th Cir. 1999).

If liberally construed, Hendershott's appellate filings also argue that he is actually innocent. However, his legal claims challenging the offenses charged and the constitutionality of the statute do not demonstrate actual innocence in this context. *See Bousley v. United States*, 523 U.S. 614, 623-24 (1998). Moreover, none of the evidence that Hendershott alleges was confiscated from him is sufficient to establish that no reasonable factfinder would have found him guilty beyond a reasonable doubt. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013).

Because Hendershott has not shown that the defendants' actions prevented him from filing a § 2254 application that would not have been dismissed as time barred, he has not demonstrated the actual harm necessary to show that any relief could be granted on his access-to-the-courts claims based on his alleged facts or that his claims had an arguable basis in law or fact. *See Lewis*, 518 U.S. at 349-54; *see also Sojourner T v. Edwards*, 974 F.2d 27, 30 (5th Cir. 1992) (noting that we can "affirm the district court's judgment on any grounds supported by the record"). Additionally, he has not shown that the district court abused its discretion in denying his motions to appoint counsel and to compel discovery. *See Baranowski v. Hart*, 486 F.3d 112, 126 (5th Cir. 2007); *Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 876 (5th Cir. 2000). Accordingly, the district court's judgment is AFFIRMED.