United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 28, 2005**

Charles R. Fulbruge III
Clerk

CORRECTED

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-41551
Summary Calendar

ALTON L. KESSLER,

Petitioner-Appellant,

versus

DOUG DRETKE, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:03-CV-262
--------------------

Before JONES, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:*

Alton L. Kessler, a Texas prisoner (# 909358), appeals from
the magistrate judge's denial of his 28 U.S.C. § 2254 habeas
corpus petition, in which Kessler challenged his 2000 jury-trial
conviction of the aggravated sexual assault of his step-daughter,
Kelsey.  The jury assessed a sentence of 99 years in prison and
a $10,000 fine.  The magistrate judge granted Kessler a
certificate of appealability ("COA") on the issues "(1) whether

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Kessler was denied due process or a fair trial through the introduction of extraneous offenses at trial, and (2) whether Kessler received ineffective assistance of counsel when his attorney failed to object to the introduction of extraneous offenses at trial."  This court expanded the COA to include a claim that counsel performed ineffectively by failing to seek a limiting instruction on the extraneous-offense evidence.

Federal habeas relief may not be granted upon any claim that was "adjudicated on the merits in State court" unless the adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."  28 U.S.C. § 2254(d)(1); see Williams v. Taylor, 529 U.S. 362, 409 (2000).

The Texas Court of Appeals' unpublished opinion on direct appeal reported that the trial evidence showed that Kelsey, who was six at the time of the offense, described several occasions during which Kessler asked her to perform oral sex on him. Kelsey's mother and her brother, Joseph, observed Kelsey performing oral sex on him.

Other trial evidence reflected that Kessler, his wife Julie, and her three children were members of a nudist "ranch."  At the time of trial, Julie had already pleaded guilty to the aggravated assault of Joseph, who was only seven or eight years old at the time, and had been sentenced to 15 years in prison.  The testimony of Julie, an admitted abuser of methamphetamines, and of Kelsey and Joseph, indicated that both Kessler and Julie

regularly committed sexual acts with both of Julie's older children, as well as with each other and a variety of people from outside the household, often in plain view of other family members. The evidence also included testimony about extraneous offenses and acts, including drug use; masturbation; unusual sexual practices; the use of bad language; domestic violence against Julie; the open presence of pornography, handcuffs, and chains in the household; the harboring of a juvenile runaway; Kessler's having given Julie a "nympho sex slave diploma"; and Kessler's and Julie's having given Kelsey her own vibrator.

Kessler argues that his trial counsel should have objected to this extraneous evidence as irrelevant and prejudicial, and that he should have requested limiting instructions with respect to its use at trial. Kessler fails to acknowledge that, under TEX. CODE. CRIM. PROC. art. 38.37 § 2, such extraneous evidence is more often admissible in cases involving sexual assaults of children, notwithstanding Texas's normal rules of evidence. See, e.g., O'Canas v. State, 140 S.W.3d 695, 698 (Tex. App. 2004) (permitting evidence of exposure of child victim to "corrupt lifestyle"); McCoy v. State, 10 S.W.3d 50, 54 (Tex. App. 1999) (art. 38.37 effectively supersedes prior precedent holding that "background" evidence is not admissible). Although it is possible that certain evidence introduced at Kessler's trial was inadmissible even under the expanded standard of art. 38.37, Kessler has not demonstrated that counsel performed deficiently by making a strategic decision to refrain from making repetitive objections to such evidence, see United States v. Haese, 162 F.3d

359, 364 (5th Cir. 1998) (28 U.S.C. § 2255 case) (citing Strickland v. Washington, 466 U.S. 668, 689 (1984)), or by declining to call additional attention to such evidence by seeking limiting instructions. See, e.g., Ali v. State, 26 S.W.3d 82, 87 (Tex. App. 2000). Kessler also has not established that he was prejudiced by counsel's failures, because he has not shown that such objections or limiting instructions would have resulted in a different outcome at trial. See Strickland, 466 U.S. at 692. Kessler has not shown that the state courts unreasonably applied federal law in rejecting these ineffective-assistance claims. See 28 U.S.C. § 2254(d)(1).

Although the magistrate judge granted Kessler a COA on the substantive issue "whether Kessler was denied due process or a fair trial through the introduction of extraneous offenses at trial," a review of the record reflects that Kessler did not raise such a substantive claim in the district court, either in his 28 U.S.C. § 2254 petition or his lengthy reply brief. Notwithstanding the COA, such claim is not properly before this court on appeal. See Roberts v. Cockrell, 319 F.3d 690, 695 (5th Cir. 2003).

The judgment is AFFIRMED.