NO. 07-07-00264-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MAY 24, 2010

---

JOSEPH MARK DAIGLE, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

---

FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;

NO. 52,293-D; HONORABLE RICHARD DAMBOLD, JUDGE

---

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant Joseph Mark Daigle appeals from his conviction by jury of aggravated sexual assault of a child, enhanced, and sentence of ninety-nine years of imprisonment. Through two issues, appellant argues the trial court abused its discretion by denying his request for a mistrial and contends he was denied effective assistance of counsel. We affirm.

Background

Via a February 2006 indictment, appellant was charged with two counts of aggravated sexual assault of the same victim, a female child younger than 14 years, one alleging contact between his sexual organ and the child's, the other alleging contact between his sexual organ and the child's anus.[1] The indictment alleged in count one, the contact occurred on or about December 15, 2003, and in count two, on or about May 1, 2003. The indictment also contained two enhancement paragraphs that set forth appellant's two prior felony offenses. Appellant was tried only on the first count, to which he plead not guilty.

Appellant does not challenge the sufficiency of the evidence presented at trial to support his conviction. We therefore provide only such facts as will assist in an understanding of the issues presented on appeal. The evidence showed that appellant lived with the victim and her mother, with whom he had two other children. The victim was eight years old in January 2004 when she informed her mother of appellant's sexual contact with her. The child told her mother that appellant had rubbed his "private" against her "private" and had promised her money and a trip to Disneyland or Disney World if she did not tell. She repeated the allegation to a pediatrician who examined her

---

[1]*See* Tex. Penal Code Ann. § 22.021 (Vernon 2007). This is a first degree felony punishable by imprisonment for life or any term of not more than 99 years or less than 5 years and a fine not to exceed $10,000. Tex. Penal Code Ann. § 12.32 (Vernon 2003). Appellant plead true to both enhancement paragraphs contained within the indictment and his sentence was enhanced accordingly pursuant to Texas Penal Code Ann. § 12.42 (Vernon 2007). The case had an extended procedural history in the trial court we will not discuss because it is not pertinent to our disposition of the appeal.

the next day but who found no evidence of physical trauma. Later, after the examination by the pediatrician, the child recanted her allegations against appellant.

After the pediatrician contacted authorities, the child was twice interviewed at The Bridge, an Amarillo child advocacy center. In the first, the child did not discuss her accusations against appellant; instead, she expressed concern over what would happen to appellant. Before the next interview, a sexual assault nurse examiner performed a sexual assault examination of the child, again finding no trauma. But during that examination, the child told the examiner that appellant had touched her private part with his private part and "would rub up and down." She pleaded with the examiner not to make appellant go to jail. In the second Bridge interview, the child repeated her account of sexual assault by appellant. The nurse examiner's report and the videotapes of the Bridge interviews were before the jury.

The child testified at trial. There, she said the sexual contact occurred, "[l]ike maybe every other night, every time my mom was gone." She also testified that "once" appellant tried to penetrate her. She further testified that appellant previously molested her when they resided in Kansas.

Appellant did not testify but presented the testimony of two witnesses. These witnesses testified that the child's mother expressed to them disbelief that appellant had molested her daughter. Appellant also presented evidence from an evaluation conducted by a licensed sexual offender treatment provider to show that while his anti-social personality disorder was one factor tending to validate the accusation, he demonstrated no sexual interest in children.

3

Analysis

*Denial of Request for Mistrial*

By his first issue, appellant contends the trial court abused its discretion by denying his request for a mistrial when the prosecutor referred to serial killer John Gacy during closing argument. We review a trial court's denial of a mistrial under an abuse of discretion standard. *Ladd v. State,* 3 S.W.3d 547, 567 (Tex.Crim.App. 1999), *cert. denied,* 529 U.S. 1070, 120 S.Ct. 1680, 146 L.Ed.2d 487 (2000); *Phillips v. State,* 130 S.W.3d 343, 347 (Tex.App.–Houston [14th Dist.] 2004, no pet.), *aff'd,* 193 S.W.3d 904 (Tex.Crim.App. 2006).

In order to be permissible, the jury argument must fall within one of four areas: (1) summation of the evidence; (2) reasonable deductions from the evidence; (3) response to argument by opposing counsel; and (4) pleas for law enforcement. *Jackson v. State,* 17 S.W.3d 664, 673 (Tex.Crim.App. 2000). Argument exceeding those permissible areas is reversible error, only if, considering the entire record, the argument is extreme or manifestly improper, violates a mandatory statute, or injects new facts harmful to the accused into the trial. *Felder v. State,* 848 S.W.2d 85, 95 (Tex.Crim.App. 1992); *Mills v. State,* No. 07-08-0348-CR, 2009 Tex.App. LEXIS 8038 (Tex.App.—Amarillo Oct. 14, 2009, no pet.). The improper remarks must have been a willful and calculated effort on the part of the State to deprive appellant of a fair and impartial trial. *Wesbrook v. State,* 29 S.W.3d 103, 115 (Tex.Crim.App. 2000); *Gonzales v. State,* 115 S.W.3d 278, 284 (Tex.App.–Corpus Christi 2003, pet. ref'd). In examining

4

challenges to jury argument, we consider the remark in its context. *Gaddis v. State,* 753 S.W.2d 396, 396 (Tex.Crim.App. 1988).

An instruction by a trial court to disregard the improper argument will usually cure the error. *Phillips,* 130 S.W.3d at 347, *citing Campos v. State,* 589 S.W.2d 424, 428 (Tex.Crim.App. 1979). When the trial court instructs a jury to disregard, we presume the jury follows the trial court's instructions. *Phillips,* 130 S.W.3d at 347-48, *citing Waldo v. State,* 746 S.W.2d 750, 752-53 (Tex.Crim.App. 1988). However, if the error is extremely prejudicial and cannot be withdrawn from the juror's minds, the trial court should declare a mistrial. *Lusk v. State,* 82 S.W.3d 57, 60 (Tex.App.–Amarillo 2002, pet. ref'd). Accordingly, a mistrial is appropriate only when the event is "so emotionally inflammatory that curative instructions are not likely to prevent the jury from being unfairly prejudiced against the defendant." *Id.*

Here, during his closing argument of the guilt-innocence phase of trial, appellant's counsel emphasized evidence appellant had a good and affirming relationship with the child. Referring to an occasion on which appellant had made Halloween costumes for both the child and himself, and gone trick-or-treating with her, his argument contained the following:

> . . . What kind of guy would do that [dress in costume for the child and go trick-or-treating with her]? Not the kind of guy that would sexually molest this little girl like they're trying to persuade you that he did. That incident says worlds about [appellant]...He–well, like I say, I can't imagine a 47-year-old guy being willing to do that. So that, to me, says more about him than lots of other things that have come before you."

5

During his final argument, the prosecutor responded to counsel's argument, stating,

> "...The Halloween, the gifts, the money, the promise of trips, that goes to why, that goes to how you keep a child from telling these things. The idea that you're a good gift giver for a child and that–and to come up and say to you, "You know, as long as you've given gifts to somebody, you can't be sexually offending them.' Now, I don't remember the guy's full name, but his last name was Gacy."

The trial court sustained appellant's immediate objection that the remark was outside the record, prejudicial and inflammatory. At appellant's request, the court also directed the jury to disregard the prosecutor's argument, but denied appellant's request for a mistrial. It is this denial of which appellant now complains.

Thereafter, the State engaged in the following similar argument without objection:

> "...You know, we all see that in the papers. So and so did such and such, and gosh, he was a clown at kid's parties. So and so was a preacher. So and so was whatever. That's not indicative of what a person is capable of, okay? I mean, you can't–if you go by that, then nobody can ever be convicted of anything because we just can't because they're going to give gifts or something."

Appellant argues that by referring to John Wayne Gacy, the State engaged in argument of a highly inflammatory nature, invoked violent images of Gacy's crimes and mischaracterized the offense for which appellant was on trial. Appellant also contends the prosecutor's continued argument referring to things seen in newspapers about clowns was a further reference to John Wayne Gacy.[2] Appellant contends that this comment only emphasized the calculated brutality of Gacy's crimes and directly placed

---

[2] *See, e.g.*, *Brown v. State,* 978 S.W.2d 708, 714 (Tex.App.–Amarillo 1998, pet. ref'd) (prosecutor's argument referred to fact Gacy "dressed like a clown").

appellant in the same "vile category" of offender in the collective mind of the jury. Appellant further notes that Gacy was assessed the maximum punishment available for his crimes and the jury likewise assessed the maximum punishment on appellant.

This court's previous opinions should make clear to prosecutors that comparing an accused or his acts to those of a notorious criminal in jury argument is a practice to be avoided. *See Brown,* 978 S.W.2d at 714; *Mills,* No. 07-08-0348-CR, 2009 Tex.App. LEXIS 8038. We find, however, that the State's argument here was not so inflammatory as to overcome the presumption the jury followed the court's prompt instruction to disregard it. *See Phillips,* 130 S.W.3d at 347-48 (jury presumed to follow court's instruction). First, the reference to the "guy" whose "last name was Gacy" was brief, and not accompanied by any description of his crimes. *Cf. Brown*, 978 S.W.2d at 714 (prosecutor argued, in part, "John Wayne Gacy killed forty young men and buried them in his house . . . dressed like a clown, and he was loved"). The State's suggestion the prosecutor's brief reference may not have been well understood by the jury and likely had negligible impact carries some weight. We find persuasive also the State's assertion that, in its context including the prosecutor's remarks following the denial of a mistrial, the reference to Gacy can be seen as an illustration that an actor's outward behavior toward children does not preclude his committing abuse, rather than a direct comparison of Gacy's horrific crimes with the actions of which the State accused appellant. On that point, the State aptly distinguishes *Gonzales v. State,* 115 S.W.3d 278, 284-86 (Tex.App.–Corpus Christi 2003, pet. ref'd) (direct comparison made between defendant's offense with Osama bin Laden's orchestration of the 9/11 attacks and effectively asked jury to punish him as they would bin Laden) and *Brown,* 978

S.W.2d at 713-16 (during punishment argument, prosecutor likened defendant's mental stability to that of Jeffrey Dahmer, John Wayne Gacy and Ted Bundy, arguing the defendant should be held accountable notwithstanding mental illness). Considering the entire record, we find the trial court properly instructed the jury to disregard the prosecutor's argument referring to Gacy, and further find the court did not abuse its discretion by denying a mistrial. We overrule appellant's first issue.

*Ineffective Assistance of Counsel*

Via his second issue, appellant contends he was denied effective assistance of counsel because his trial counsel did not object to the admission of evidence of extraneous offenses.

*Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) and *Hernandez v. State,* 726 S.W.2d 53, 57 (Tex.Crim.App. 1986) set forth the two-pronged test that must be satisfied to prove an ineffective assistance of counsel claim. Under the first part of the *Strickland* test, an appellant must show that counsel's performance was deficient. "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland,* 466 U.S. at 687; *Young v. State,* 991 S.W.2d 835, 837 (Tex.Crim.App. 1999). This part of the test carries "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Ahmadi v. State,* 864 S.W.2d 776, 782 (Tex.App.–Fort Worth 1993, pet. ref'd), *citing Kimmelman v. Morrison,* 477 U.S. 365, 381 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986). Thus, a record that is silent as to counsel's strategy generally is not sufficiently developed to enable

8

appellant to overcome the presumption of effective assistance of counsel. *See Rylander v. State,* 101 S.W.3d 107 (Tex.Crim.App. 2003) (stating, "[w]e have previously stated that the record on direct appeal will generally not be sufficient to show that counsel's representation was so deficient as to meet the first part of the *Strickland* standard as the reasonableness of counsel's choices often involves facts that do not appear in the appellate record"). The appellant must overcome this presumption by a preponderance of the evidence. *Id.*; *Cannon v. State,* 668 S.W.2d 401, 403 (Tex.Crim.App. 1984).

In applying this test, an appellate court should not try to second-guess trial counsel's tactical decisions that do not fall below the threshold of the objective standard of reasonableness. *Young,* 991 S.W.2d at 837, *citing Solis v. State,* 792 S.W.2d 95, 100 (Tex.Crim.App. 1990). An individual has a right to effective, not errorless, representation. *Bridge v. State,* 726 S.W.2d 558, 571 (Tex.Crim.App. 1986). In determining whether counsel's assistance is effective, the court must look at counsel's representation of the defendant as a whole, and not merely at isolated errors. *Ex parte Kunkle,* 852 S.W.2d 499, 505 (Tex.Crim.App. 1993); *Cannon,* 668 S.W.2d at 403. An allegation of ineffective assistance must be firmly founded in the record. *Thompson v. State,* 9 S.W.3d 808, 813 (Tex.Crim.App. 1999).

Appellant argues his trial counsel erred when he did not object when the child victim testified to extraneous offenses not included in the State's notice pursuant to

9

article 38.37 of the Code of Criminal Procedure, [3] depriving appellant of the effective assistance of counsel. Appellant points to the child's statements (1) that the genital contact occurred "every other night"; (2) that it took place in multiple locations in Amarillo; (3) that it also took place in Kansas; and (4) that it included attempted penetration. Recalling that we must view counsel's representation of appellant as a whole, and not look merely at isolated errors, *Kunkle,* 852 S.W.2d at 505, and recalling that trial counsel ordinarily should be afforded an opportunity to explain his actions before being denounced as ineffective, *Rylander,* 101 S.W.3d at 111, we cannot agree that the record supports a finding appellant was deprived of the assistance of counsel guaranteed him by the Sixth Amendment.

The State's article 38.37 notice included the following bad acts: (1) Between December of 2002 and April of 2003 in Coffee County, Kansas, the defendant caused . . . the victim alleged in the indictment in this case, and her brother . . . to disrobe and pose in lewd positions while he videotaped them; (2) between December 2002 and April of 2003, in Coffee County, Kansas, the defendant, with the intent to arouse and gratify his sexual desire, intentionally and knowingly exposed his genitals knowing that [the

---

[3] Section 2 of article 38.37 states: "[n]otwithstanding Rule 404 and 405, Texas Rules of Evidence, evidence of other crimes, wrongs or acts committed by the defendant against the child who is the victim of the alleged offense shall be admitted for its bearing on relevant matters, including: (1) the state of mind of the defendant and the child; and (2) the previous and subsequent relationship between defendant and the child." Tex. Code Crim. Proc. Ann. art. 38.37, § 2 (Vernon 2005). Section 3 states, "[o]n timely request by the defendant, the state shall give the defendant notice of the state's intent to introduce in the case in chief evidence described by Section 2 in the same manner as the state is required to give notice under Rule 404(b), Texas Rules of Evidence." Tex. Code Crim. Proc. Ann. art. 38.37, § 3 (Vernon 2005).

victim], a child younger than 17 years of age and not his spouse, was present; (3) between December of 2002 and April of 2003, in Coffee County, Kansas, the defendant, with the intent to arouse and gratify his sexual desire, intentionally and knowingly caused [the victim], a child younger than 17 years of age and not his spouse, to expose her genitals to him; (4) between May of 2003 and December of 2003, in Potter County, Texas, the defendant exhibited a vibrator to [the victim] and had her place it in her mouth; (5) between May of 2003 and December of 2003, in Potter County, Texas, the defendant intentionally and knowingly caused his penis to contact or penetrate the anus of [the victim], a child younger than 14 years of age; (6) between May of 2003 and December of 2003, in Potter County, Texas, the defendant caused [the victim], a child younger than 14 years of age, to watch pornographic movies with him; and (7) defendant's flight from Potter County, Texas, and failure to appear for trial in the 47th District Court in and for Potter County, and fugitive status for approximately one year.[4]

The record reflects a hard-fought trial, and makes clear that appellant's counsel was acutely attuned to the risk the State would attempt to introduce evidence of extraneous bad acts of a sexual nature. Some two weeks before trial, the trial court held a hearing on appellant's motions dealing with aspects of that general subject. Assuming, without deciding, that the child's statements to which appellant points on appeal are properly characterized as describing extraneous offenses rather than

---

[4] The State argues its article 38.37 notice reasonably encompassed any extraneous offenses the child's testimony included. We need not address that contention.

instances of the charged offense,[5] and assuming further, without deciding, that the trial court would have excluded the statements had objection been made,[6] we cannot conclude on this record that counsel was deficient because he did not object during the child's testimony. Counsel frequently, as a matter of trial strategy, decide not to raise objections even to potentially objectionable testimony.[7] The decision, for example, may be based on a desire not to highlight damaging testimony by drawing attention to it through objection, or based on a concern repeated objections may alienate the jury.

The record before us does not explain why counsel did not object to the references to evidence of the extraneous offenses of which appellant complains. Such a decision is not outside the range of reasonable professional assistance. Allegations of ineffective assistance of counsel must be firmly founded in the record. *Thompson,* 9

---

[5] An extraneous offense is "any act of misconduct, whether resulting in prosecution or not, that is not shown in the charging papers." *Rankin v. State,* 953 S.W.2d 740, 741 (Tex.Crim.App. 1996); *Meredith v. State,* No. 11-05-00244-CR, 2007 Tex.App. LEXIS 9716, at *9-10 (Tex.App.—Eastland Dec. 13, 2007, pet. ref'd). *But see Sansom v. State,* 292 S.W.3d 112, 126-28 (Tex.App.—Houston [14th Dist.] 2008, pet. ref'd) (distinguishing between proof of charged offense and extraneous offenses).

[6] The record contains the State's notice of the contents of the child's outcry statement to her mother, given pursuant to Code of Criminal Procedure article 38.072. Tex. Code Crim. Proc. Ann. art. 38.072 (Vernon 2009). The mother's written statement, appended to the notice, makes clear the child's outcry included the assertion appellant's sexual contact with her occurred at more than one address in Amarillo.

[7] *See Kessler v. Dretke,* 137 Fed.App. 710, 711-12 (5th Cir. 2000) (applying Texas law) (appellant failed to show counsel performed deficiently by refraining from repeated objections to extraneous evidence). *See also Batiste v. State,* 217 S.W.3d 74, 83 (Tex.App.–Houston [1st Dist.] 2006, no pet.) (failure to object to inadmissible extraneous offense evidence can constitute a plausible trial strategy); *Ahmadi v. State,* 864 S.W.2d 776, 783 (Tex.App.–Fort Worth 1993, no pet.) (decision not to object can be a plausible trial strategy as part of an attempt to create the appearance of being open and honest).

S.W.3d at 813. On this record, appellant has not overcome the presumption that trial counsel made the decision in the exercise of reasonable professional judgment. Appellant thus has not met the first prong of the *Strickland* test.[8]  Accordingly, we overrule appellant's second issue, and affirm his conviction and sentence.

James T. Campbell
Justice

Do not publish.

---

[8] We need not examine both *Strickland* prongs if one cannot be met. *Blumenstetter v. State,* 135 S.W.3d 234, 242 (Tex.App.–Texarkana 2004, no pet.), *citing Strickland,* 466 U.S. at 697.