# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 10, 2009

Charles R. Fulbruge III
Clerk

No. 06-10750
Summary Calendar

CORY EUGENE WINDLAND

Petitioner-Appellant

v.

NATHANIEL QUARTERMAN, DIRECTOR, TEXAS DEPARTMENT OF
CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION

Respondent-Appellee

Appeals from the United States District Court
for the Northern District of Texas

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

HAYNES, Circuit Judge:

A federal habeas applicant must file his § 2254 petition within one year of the date that his conviction becomes final, 28 U.S.C. § 2244(d)(1)(A), but the time during which a properly filed state habeas petition is "pending" tolls that limitations period. § 2244(d)(2). The issue here is whether this tolling period encompasses both the day on which a state habeas petition is filed and the day on which it is decided. The district court failed to include one of these days in its tolling calculation, resulting in a finding that petitioner's § 2254 petition was filed one day after the limitations period ran. Finding that a state habeas petition is "pending" for the purposes of tolling under § 2244(d)(2) on the day it

is filed through (and including) the day it is decided, we reverse the district court's judgment and remand for further proceedings.

In 2003, a jury convicted Petitioner Cory Eugene Windland of capital murder and sentenced him to life in prison. A Texas state appellate court affirmed his conviction on May 26, 2004. As Windland did not file a motion for rehearing or seek further review in the Texas Court of Criminal Appeals, his conviction became final thirty days later, on June 25, 2004.[1] Windland, therefore, had one year from June 25, 2004, to file his § 2254 petition. Before that year elapsed, Windland filed a state habeas petition on May 12, 2005; it was denied on October 19, 2005. The period during which Windland's state habeas petition was "pending" did not count toward the one-year limitations period under § 2254.

Windland filed the underlying § 2254 petition on Sunday, December 4, 2005, by placing it in the prison mail system. Although the district court accounted for the tolling caused by Windland's state habeas filing, it calculated that tolling period at 160 days, meaning Windland's § 2254 petition was actually due two days earlier, on December 2, 2005. While the district court failed to "show its work" for this calculation, its 160-day number necessarily means that it excluded from the tolling period either the day on which Windland filed his state habeas petition or the day on which the state court decided it.

Windland filed a timely notice of appeal, and a judge of this circuit granted a certificate of appealability solely to address the propriety of the district court's

---

[1] *See* TEX. R. APP. P. 68.2(a) (A petition for discretionary review "must be filed within 30 days after either the day the court of appeals' judgment was rendered or the day the last timely motion for rehearing was overruled by the court of appeals."); *Roberts v. Cockrell*, 319 F.3d 690, 693-94 (5th Cir. 2003) (finding a conviction final under § 2244(d)(1)(A) where the defendant failed to seek discretionary review within thirty days of the state appellate court's denial of his motion for rehearing).

tolling calculation.[2] We address that issue after resolving two preliminary contentions made by the government.

First, the government claims that Windland has waived the tolling issue by failing to specifically argue in his Appellant's brief that the proper tolling period was 161 days, rather than 160 days. But in his brief, Windland argues that the district court erred in dismissing his §2254 petition as time-barred; he also contends that he is entitled to tolling during the period his state habeas petition was pending. Additionally, the government asserts no prejudice flowing from Windland's purported failure to brief the issue. Indeed, the government filed a Respondent's brief fully addressing the issue before us. In light of the record and the well-established precedent requiring that we construe pro se briefs liberally, we conclude that Windland preserved the tolling issue on appeal. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Price v. Digital Equip. Corp.*, 846 F.2d 1026, 1028 (5th Cir. 1988) (finding that where respondent asserted no prejudice and fully addressed the issue, and the case involved only the application of settled law to undisputed facts, a pro se petitioner's failure to brief would not be deemed abandonment of sole issue on appeal).

Second, the government contends that Windland waived de novo review of the legal issue in this appeal by failing to object to the Magistrate Judge's report and recommendation on the specific basis of the 160/161 day distinction. Again, although Windland could have been more specific, he did object to the Magistrate's conclusion that his § 2254 petition was time-barred; as part of that objection, he also argued that the limitations period should have been tolled while his state action was pending. This objection alerted the district court to the pertinent issue in this appeal, namely that the Magistrate improperly found

---

[2] Windland's brief also addresses the underlying merits of his constitutional claims. Because a certificate of appealability was not granted on those issues, we lack jurisdiction to consider them. *United States v. Kimbler*, 150 F.3d 429, 431 (5th Cir. 1998).

Windland's § 2254 petition time-barred due to an erroneous tolling calculation. *See United States v. Burton*, 126 F.3d 666, 673 (5th Cir. 1997) (holding that to preserve an issue, a party must object with sufficient specificity to allow the trial court to address it). Indeed, the district court independently calculated the number of days. We accordingly review the district court's decision de novo. *See Prieto v. Quarterman*, 456 F.3d 511, 514 (5th Cir. 2006).

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that a federal habeas petition must be filed within one year after the petitioner's conviction becomes final. § 2244(d). This limitations period, however, is tolled for the period during which a properly filed petition for state habeas relief is "pending." § 2244(d)(2). The issue here is whether this tolling period includes both the date of filing and the date of disposition by the state court.

The government directs our attention to the time computation provisions in Federal Rule of Civil Procedure 6(a), noting that we, like every other circuit, have held that this Rule controls the calculation of the AEDPA limitations period. *See Flanagan v. Johnson*, 154 F.3d 196, 200-02 (5th Cir. 1998). According to the government, the same Rule should govern computation of the AEDPA tolling period, meaning that the date on which a state habeas petition is filed would be excluded from that period.[3] But "Rule 6(a) is a general statutory rule, which may be supplanted when the statute at issue provides more specific direction." *Id*. at 201. Thus, before relying on the default provisions in Rule 6(a), we must first look to the plain language of the provision at issue to determine whether Congress has provided this "more specific direction." *Id*.

Unlike the AEDPA statute of limitations, which provides that the one-year period shall "run from" the later of four alternative dates, the AEDPA tolling

---

[3] Rule 6(a)(1) provides: *"Day of the Event Excluded.* Exclude the day of the act, event, or default that begins the period." FED. R. CIV. P. 6(a)(1).

provision provides specific guidance concerning the computation of time, stating that "[t]he time during which a properly filed application for State post-conviction [review] . . . is *pending* shall not be counted toward any period of limitation under this subsection." § 2244(d)(2) (emphasis added).

Similarly, the United States Supreme Court has noted that "[t]he dictionary defines 'pending' (when used as an adjective) as 'in continuance' or 'not yet decided.'" *Carey v. Saffold*, 536 U.S. 214, 219 (2002) (citing WEBSTER'S THIRD NEW INT'L DICTIONARY 1669 (1993)). Additionally, the Second Circuit has determined that "the term 'properly filed' fixes the date that starts the tolling of the AEDPA statute of limitations, and the term 'pending' marks the end point, when the state court ultimately decides the prisoner's case." *Fernandez v. Artuz*, 402 F.3d 111, 116 (2d Cir. 2005). While this circuit has not specifically addressed the meaning of "pending" in this context, we have implicitly recognized that the § 2244 limitations period is tolled beginning on the date a defendant files his state habeas petition. *See, e.g., Gray v. LeBlanc*, No. 01-30022, 2001 WL 1692430, at *1 (5th Cir. Nov. 21, 2001) (unpublished) (concluding that prior to the date the petitioner filed his state petition, 203 days of the limitations period had passed).[4]

Applying the plain language of the statute, we hold that a state petition for habeas relief is "pending" for AEDPA tolling purposes on the day it is filed through (and including) the day it is resolved.[5] This is because a state court can render judgment on the petition at any point during this period. Here, the district court calculated the tolling period as 160 days, necessarily excluding

---

[4] Although an unpublished opinion has no precedential value, we cite this case as an example of our past practice on this matter.

[5] In so concluding, we also note our prior admonition in the context of an equitable tolling analysis that the AEDPA statute of limitations should not be applied "too harshly." *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999) (citing *Lonchar v. Thomas*, 517 U.S. 314, 324 (1996)).

either the day it was filed or the day it was decided. Including both the day of filing (May 12, 2005) and the day of disposition (October 19, 2005), the tolling period is 161 days, rather than 160 days. As such, Windland had until December 3, 2005 to timely file his § 2254 petition. December 3, 2005 was a Saturday, so his petition became due on Monday, December 5, 2005. *See* FED. R. CIV. P. 6(a)(3). Windland has certified under penalty of perjury that his federal petition was deposited in the prison mail on Sunday, December 4, 2005. This means that his petition was timely filed under the mailbox rule applicable to federal filings by prisoners. *See Spotville v. Cain*, 149 F.3d 374, 376-78 (5th Cir. 1998). Accordingly, the district court's judgment is REVERSED and the case is REMANDED for further proceedings consistent with this opinion.