**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 4, 2009

No. 09-10049
Summary Calendar

Charles R. Fulbruge III
Clerk

DRENDA K. BURRIS

Plaintiff - Appellant

v.

GERALD W BRAZELL; DOMINGO R. MONTALVO; MITCH SRAIL;
KAPLAN HIGHER EDUCATION CORPORATION

Defendants - Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:06-cv-00814-K

Before KING, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Plaintiff-appellant Drenda Burris ("Burris") filed suit against defendants-
appellees Kaplan Higher Education Corporation ("Kaplan"), Gerald Brazell
("Brazell"), Domingo Montalvo ("Montalvo"), and Mitch Srail ("Srail"), alleging

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

violations of the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.* ("FMLA"), and various state law claims. The district court denied her motion to compel production and granted defendants' motion for summary judgment. We AFFIRM.

## I. BACKGROUND

Burris was hired in January 2003 as director of career services for the Southeastern Career Institute ("SCI") in Dallas, Texas. Kaplan owns SCI; Brazell was SCI's executive director and Burris's supervisor prior to her termination.

In February 2003, Burris stumbled in the break room at work and injured her back. By October 2003, her worsening back condition required surgery for which she was out of the office for a few days. Burris returned to work and, as her condition deteriorated, she required the use of a cane to walk.

The parties dispute the facts related to Kaplan's and Brazell's reaction to her condition. Burris alleges that she spoke to Brazell on May 6, 2004, to inform him that her doctor suggested that she take a medical leave. Brazell alleges that he had no such conversation with Burris.

On May 7, 2004, Burris's assistant, Carrie Owens ("Owens") notified Brazell that Burris engaged in inappropriate conduct with students and staff at SCI. Specifically, Burris actively encouraged SCI students and staff to file complaints against Brazell; blamed student-reported problems on Brazell; and hosted meetings with students in her home and told them that they could recover their tuition money because of Brazell's management deficiencies. That day, Srail, Human Resources Director, and Montalvo, Texas Regional Director of Operations, interviewed several employees, who corroborated the substance of the allegations. On May 10, 2004, Srail informed Burris that her employment was terminated due to her inappropriate conduct.

Burris filed suit against Kaplan, Brazell, Montalvo, and Srail, alleging interference with her rights and retaliation under the FMLA and various state law claims. After the parties exchanged discovery responses, on June 15, 2007, defendants filed a motion to dismiss pursuant to Federal Rules of Civil Procedure ("Rule") 12(c) and 56. On October 10, 2007, Burris filed a cross-motion to compel production and to amend her complaint, alleging that defendants failed to produce e-mails related to her termination. On December 10, 2007, the district court denied defendants' motion without prejudice pending resolution of the discovery dispute, granted Burris's motion to amend, and permitted Burris to file her amended complaint within ten days of the order. Burris did not file an amended complaint. After referral to the magistrate judge for a hearing, the cross-motion to compel production was denied. The parties subsequently agreed to a discovery deadline of July 31, 2008.

After the parties failed to settle their claims, defendants filed an amended motion to dismiss pursuant to Rules 12(c) and 56 on August 1, 2008. On August 25, 2008, Burris filed a second cross-motion to amend, to compel production and to sever consolidated representation.[1] The district court denied Burris's second motion and granted defendants' amended motion. Burris timely filed this appeal.

## II. DISCUSSION

On appeal, Burris raises two arguments: (1) the district court erred by denying her two cross-motions to compel discovery, and (2) the district court erred by granting summary judgment to Kaplan on her FMLA claim.[2]

---

[1] Although Burris's second motion was styled as a "cross-motion to amend," her brief in support of the motion did not request this relief.

[2] Burris does not contest the district court's grant of summary judgment regarding her FMLA claims against Brazell, Montalvo, and Srail, or her state law claims against any of the defendants. Accordingly, we consider these claims waived. *See Longoria v. Dretke*, 507 F.3d 898, 901 (5th Cir. 2007) ("Although we liberally construe *pro se* briefs, such litigants must still

A.    Motions to Compel Production

We review a district court's order denying a motion to compel production for abuse of discretion. *Burns v. Exxon Corp.*, 158 F.3d 336, 342 (5th Cir. 1998). We will affirm such discovery rulings unless they are arbitrary or clearly unreasonable. *Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 876 (5th Cir. 2000).

We find no abuse of discretion in denying either motion to compel. As to the first motion to compel, the magistrate judge held a hearing in which Burris and counsel for defendants presented evidence and arguments. In light of this evidence, the magistrate denied the motion. Moreover, the magistrate permitted Burris to re-file her motion if her discovery showed, as Burris argued, that Kaplan's backup system contained undisclosed e-mails. This ruling, therefore, cannot be characterized as arbitrary or clearly unreasonable. *Moore*, 233 F.3d at 876. As to the second motion to compel, the district court correctly noted that it was both procedurally and substantively defective. The second motion was filed on August 25, 2008, nearly one month after the close of discovery, and asserted the same arguments rejected in Burris's first motion to compel, yet provided no further evidence that additional, non-produced documents existed. Accordingly, the denial of the motions was not arbitrary or clearly unreasonable. *Id.*

B.    Motion on the Pleadings and Motion for Summary Judgment

We review a grant of judgment on the pleadings under Rule 12(c) *de novo*. *See Hughes v. Tobacco Inst., Inc.*, 278 F.3d 417, 420 (5th Cir. 2001). We also review a district court's grant of summary judgment *de novo*, using the same standard as that applied by the district court. *Harvill v. Westward Commc'ns,*

---

brief contentions in order to preserve them.") (citations omitted).

*L.L.C.*, 433 F.3d 428, 433 (5th Cir. 2005). We also construe a *pro se* litigant's briefs liberally. *See Windland v. Quarterman*, 578 F.3d 314, 316 (5th Cir. 2009).

Construing Burris's pleadings liberally, we discern two distinct claims under the FMLA: interference with FMLA rights and retaliation. To make a *prima facie* case for interference with FMLA rights, Burris must first demonstrate that she took leave that was protected under the FMLA. *See, e.g.*, *Mauder v. Metro. Transit Auth. of Harris County, Tex.*, 446 F.3d 574, 580 (5th Cir. 2006). Retaliation claims under the FMLA are analyzed using the *McDonnell Douglas* burden-shifting framework. *See Hunt v. Rapides Healthcare Sys., LLC*, 277 F.3d 757, 768 (5th Cir. 2001).

Even though we construe Burris's pleadings liberally, Burris cannot make a *prima facie* showing for either claim. As the district court noted, Burris produced no evidence that anyone involved in her termination was aware of her request for leave. Burris has not shown that Brazell made the decision to terminate her. Assuming that Burris could make a *prima facie* showing on her retaliation claim, she offers no evidence to rebut Kaplan's legitimate, non-discriminatory reason for her termination—namely, her unprofessional conduct towards Brazell and SCI students. Accordingly, Burris failed to plead enough facts to state a claim to relief or to create a genuine issue of material fact.

### III. CONCLUSION

For the foregoing reasons, we AFFIRM the denial of Burris's motion to compel and the grant of defendants' motion.