# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 9, 2011

No. 10-40367

Lyle W. Cayce
Clerk

KELLY JAY LEMONS

Plaintiff - Appellant

v.

COV SWANN; SARGEANT WEST; LIEUTENANT RODRIGUEZ; INVESTIGATOR SANCHEZ; WARDEN REAGEN; BRAD LIVINGSTON,

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:10-CV-00115

Before GARZA, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:*

Kelly Jay Lemons (Lemons), inmate # 1042252, proceeding *pro se* and *in forma pauperis*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983, alleging constitutional violations, as well as a violation of the Texas Penal Code, against multiple officials at the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ) in Rosharon, Texas and another inmate (collectively, Defendants).

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-40367

Lemons alleges that, in June 2009, TDCJ officials received a letter from an unknown, outside source that threatened him with imminent death or bodily injury. Lemons was removed from trusty camp and placed in safekeeping. After being questioned about the letter, Lemons was released into the general population and given a new job assignment in the kitchen. Three weeks later, Lemons was sent back to the trusty camp and returned to his job as a highline electrician. At that time, a representative from the Office of the Inspector General advised Lemons that an investigation into the letter was ongoing and that Lemons did not appear to be in danger. Soon after, Lemons's cell was searched and his address book was inspected. Lemons claims that Sgt. West ordered Officer Swann to search his cell.

Approximately a week later, TDCJ officials received another letter threatening Lemons with imminent death or bodily injury. Lemons alleges that West used the addresses listed in his address book, obtained when his cell was searched, to send the letters. He further avers that West conspired with Henry Paige, an inmate with whom West allegedly had a romantic relationship, to send the letters. Lemons claims that this was done in retaliation against him for taking Paige's position as a highline electrician when Lemons was sent back to trusty camp, causing Paige to be transferred to another Unit. The gravamen of Lemons's suit is that, because of the Defendants' actions his chance of receiving discretionary supervised release has been undermined. Lemons seeks injunctive and declaratory relief, as well as compensatory and punitive monetary damages.

Before service was given to the Defendants, the district court *sua sponte* dismissed Lemons's claims for failure to exhaust administrative remedies and, in the alternative, failure to state a claim. Lemons appealed the district court's judgment. We DISMISS this appeal.

2

No. 10-40367

## DISCUSSION

"To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *See Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990).  Without an injury, this court lacks jurisdiction, and the appeal is moot. *See Goldin v. Bartholow*, 166 F.3d 710, 717 (5th Cir. 1999). Lemons is the only party before this court because, as previously explained, the district court dismissed Lemons's complaint before the Defendants were served. He does not raise jurisdiction.  Nevertheless, in the absence of jurisdiction being raised by a party, we are obligated to examine our jurisdiction *sua sponte*.  *See Martin v. Halliburton*, 618 F.3d 476, 481 (5th Cir. 2010).

In the context of habeas petitions, pursuant to 28 U.S.C. § 2254, this court has dismissed a petitioner's appeal as moot upon the petitioners' release from custody while the appeal was pending.  *See, e.g., Berotte v. Johnson*, No. 99-40187, 2000 WL 1901510, at *1 (5th Cir. Dec. 13, 2000) ("Berotte has not shown an injury-in-fact, and his habeas claims are moot due to his re-release on parole"); *Sutton v. Johnson*, No. 99-20998, 2000 WL 1672840, at *1 (5th Cir. Oct. 18, 2000) ("Sutton has not shown an injury-in-fact, and his habeas claims are moot due to his release to mandatory supervision.").[1]  However, in the same circumstance, we have declined to dismiss the petitioner's appeal as moot if supervised release did not completely rectify his alleged injuries.  *See, e.g., Johnson v. Pettiford*, 442 F.3d 917, 918 (5th Cir. 2006) (explaining that habeas petitioner's appeal was not moot, even though he was released while appeal was pending, because this court's reversal  could alter the conditions of his

---

[1] "Although an unpublished opinion has no precedential value, we cite [these cases] as an example of our past practice on this matter." *Windland v. Quarterman*, 578 F.3d 314, 317 n.4 (5th Cir. 2009).

3

supervised release).  Although Lemons has not filed a habeas petition, these fundamental principles of jurisdiction apply in this case.

Lemons's alleged injury is that, because of the Defendants' actions, he may not obtain supervised release.  However, inmate records from the Ramsey Unit of the TDCJ, where Lemons was previously housed, indicate that Lemons was released from TDCJ custody on December 13, 2010, while this appeal was pending.  Lemons does not claim that the Defendants' alleged actions would affect the *terms* of his supervised release, but only that the alleged actions would prevent his *receipt* of supervised release.  As such, his discharge from TDCJ custody rectifies his alleged injury.  Therefore, Lemons does not have "an actual injury traceable to the defendant[s]" for which this court can provide relief. *Lewis*, 494 U.S. at 477.  Accordingly, we dismiss Lemons's claim for declaratory and injunctive relief.

To the extent that Lemons requests monetary relief, those claims are also dismissed.  We have explained that we liberally construe a *pro se* litigant's brief and generally apply a less stringent standard to parties proceeding *pro se* than to parties represented by counsel. *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995).  However, "*pro se* parties [still must] brief the issues and reasonably comply with the standards of" Federal Rule of Appellate Procedure 28, which requires an appellant's brief to contain, among other things, "appellant's contentions and the reasons for them." *Id*. at 524, 524 n.2.  Here, Lemons makes no allegations to support his claims for monetary relief.  Thus, we dismiss these claims for failing to comply with Rule 28.

Accordingly, we DISMISS this appeal.