Carl Dewayne WATTS, Petitioner–
Appellee

v.

Warden BREWER; Jim Hood, Attor-
ney General of the State of Missis-
sippi, Respondents–Appellants.

No. 10–60242.

United States Court of Appeals,
Fifth Circuit.

March 4, 2011.

Carl Dewayne Watts, Gulfport, MS, pro
se.

Frances Patterson Croft, Office of the
Attorney General, Jackson, MS, for Re-
spondents–Appellants.

Before BARKSDALE, CLEMENT, and
PRADO, Circuit Judges.

PER CURIAM: *

This interlocutory appeal was permitted
pursuant to 28 U.S.C. § 1292(b) (interlocu-
tory review of an "order [that] may mate-
rially advance the ultimate termination of
the litigation. . . ."). Being reviewed is an
order that the 28 U.S.C. § 2254 habeas
petition of Carl Dewayne Watts, Mississip-
pi prisoner # 18202, is timely. In that
regard, at issue is whether the Antiterror-
ism and Effective Death Penalty Act's
(AEDPA) one-year limitations period, 28
U.S.C. § 2244(d)(1), was tolled, under
§ 2244(d)(2), between the Mississippi Su-
preme Court's denial of discretionary re-
view and issuance of the mandate. (Watts
has not filed a brief; that, of course, does
not preclude our review. *Schmidt v.
Gray,* 399 Fed.Appx. 925, 928–29 n. 2 (5th
Cir.2010).) AFFIRMED.

**I.**

On 29 November 2005, Watts pleaded
guilty to transfer of a controlled substance
and, that same day, was sentenced to 30
years' imprisonment. His sentence was
suspended, and he did not file a direct
appeal. Therefore, his conviction became
final on 29 December 2005.

In January 2006, the trial court found
Watts had violated the terms of his sus-

---

\* Pursuant to 5TH CIR R. 47.5, the court has
determined that this opinion should not be
published and is not precedent except under

the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

pended sentence. Watts was ordered to serve the remainder in prison.

On 31 August 2006, Watts sought state habeas review. The trial court denied habeas relief on 12 April 2007, and Watts appealed. On 1 July 2008, by written opinion, the intermediate appellate court affirmed the trial court's decision. *Watts v. State*, 1 So.3d 886, 890 (Miss.Ct.App. 2008), *reh'g denied* (28 Oct. 2008), *cert. denied*, 999 So.2d 1280 (Miss. 5 Feb. 2009).

Watts petitioned for review by the Mississippi Supreme Court. On 5 February 2009, such discretionary review was denied. In accordance with Mississippi Rule of Appellate Procedure 41(b), the mandate was issued on 26 February 2009, 21 days after that denial.

On 25 June 2009, proceeding *pro se* and pursuant to 28 U.S.C. § 2254, Watts applied for federal habeas relief. The State moved to dismiss Watts' petition as time-barred, contending: the one-year limitations period began running on 29 December 2005, 30 days after his non-appealed conviction; that period was tolled from 31 August 2006, when he filed his state habeas petition, through 5 February 2009, when the Mississippi Supreme Court denied his petition for writ of certiorari, leaving 120 days to apply for federal habeas relief; and, therefore, his federal application had to have been filed no later than 5 June 2009.

After referral, a magistrate judge recommended Watts' federal application was timely, recommending that the state habeas application was pending until 26 February 2009, when the mandate was issued by the appellate court. The district court adopted the magistrate judge's report and recommendation. In a thorough opinion, it ruled that the tolling period extended until the mandate was issued, and, therefore, denied the State's motion to dismiss.

*Watts v. Brewer*, No. 10–60242, 2010 WL 561766 (S.D. Miss. 10 Feb. 2010).

Pursuant to 28 U.S.C. § 1292(b), the State requested an interlocutory appeal. The district court agreed, and our court allowed the State to appeal from the limitations ruling. Resolution in district court of Watts' § 2254 application was, of course, stayed pending this interlocutory appeal.

## II.

AEDPA's one-year limitations period for applying for federal habeas relief, following a state-court judgment, runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review". 28 U.S.C. § 2244(d)(1)(A). That period is tolled, however, while a petitioner's state post-conviction review "is pending". 28 U.S.C. § 2244(d)(2); *see Grooms v. Johnson*, 208 F.3d 488, 489 (5th Cir. 1999). Once the state post-conviction review is complete, the limitations period resumes. *Lawrence v. Florida*, 549 U.S. 327, 331–32, 127 S.Ct. 1079, 166 L.Ed.2d 924 (2007).

At issue is whether the district court erred in ruling that Watts' state habeas petition was pending until the issuance of the state appellate court's mandate. Restated, we review whether the mandate's issuance date is relevant in calculating the § 2244(d)(2) tolling period. The district court's legal conclusions are reviewed *de novo*. *E.g., Buntion v. Quarterman*, 524 F.3d 664, 670 (5th Cir.2008). Before reaching that issue, when the § 2254 petition was filed must be addressed.

## A.

Watts' petition was not stamped as "filed" until 1 July 2009. According to the prison mailbox rule however, "a pro se prisoner's habeas petition is filed, for pur-

poses of determining the applicability of ... AEDPA, when he delivers the papers to prison authorities for mailing". *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998).

Watts' petition was signed as executed on 25 June 2009, and he provides additional evidence that he submitted the petition to prison officials that day. In the absence of any contrary evidence, the district judge assumed 25 June 2009 was the date Watts submitted his petition to prison officials for purposes of AEDPA's limitations period. Although the State does not contest that finding, and asserts no evidence to the contrary, it suggests in its brief here that Watts' petition was filed on 1 July 2009, *i.e.* his "habeas petition was filed 20 to 26 days beyond the ... limitations period".

Whether Watts filed his § 2254 petition on 25 June, instead of 1 July, 2009 is of importance: as the district judge ruled, with the limitations period resuming after the mandate issued, in order to satisfy the one-year limitations period, Watts' federal habeas petition had to be filed no later than 26 June 2009. Consequently, a 1 July 2009 filing would be untimely, regardless of the mandate's significance *vel non* for calculating § 2244(d)(2)'s tolling period. Because the State failed to address this issue in its brief, we deem any 1 July-filing contention abandoned. *E.g., United States v. Lopez–Velasquez*, 526 F.3d 804, 808 n. 2 (5th Cir.2008). For purposes of our review, 25 June 2009 is the date Watts filed his § 2254 petition.

**B.**

The State contends: AEDPA's tolling period ended on 5 February 2009, when the Mississippi Supreme Court denied Watts' petition for a writ of certiorari, and not on 26 February 2009, when the mandate issued. Our analysis of when the tolling period ended starts, of course, with the language in the statute. *Windland v. Quarterman*, 578 F.3d 314, 317 (5th Cir. 2009). Section 2244(d)(2) states: "The time during which a properly filed application for State post-conviction [relief] ... is *pending* shall not be counted toward any period of limitation under this subsection". 28 U.S.C. § 2244(d)(2) (emphasis added). These words are to be given "their ordinary, contemporary, common meaning, absent an indication Congress intended them to bear some different import". *Williams v. Taylor*, 529 U.S. 420, 431, 120 S.Ct. 1479, 146 L.Ed.2d 435 (2000) (internal quotation marks omitted).

**1.**

In *Carey v. Saffold*, 536 U.S. 214, 122 S.Ct. 2134, 153 L.Ed.2d 260 (2002), the Court defined § 2244(d)(2)'s use of "pending": "The dictionary defines 'pending' (when used as an adjective) as 'in continuance' or 'not yet decided.' It similarly defines the term (when used as a preposition) as 'through the period of continuance ... of,' 'until the ... completion of'." *Id.* at 219, 122 S.Ct. 2134 (quoting Webster's Third New International Dictionary 1669 (1993)). "[U]ntil the [state post-conviction] application has achieved final resolution through the State's post-conviction procedures, by definition it remains 'pending'". *Id.* at 220, 122 S.Ct. 2134.

Although our court in *Windland* evaluated AEDPA's § 2244(d)(2) tolling provision, the focus was upon whether the tolling period encompassed the filing and decision dates for state habeas petitions; the relevance of the mandate was not in question. 578 F.3d at 315. Pursuant to *Carey, Windland* "[held] that a state petition for habeas relief is 'pending' for AEDPA tolling purposes on the day it is filed through (and including) the day it is resolved. This is because a state court can render judgment on the petition at

any point during this period". *Id.* at 317. *Windland* cautioned that "the AEDPA statute of limitations should not be applied too harshly". *Id.* at 317 n. 5 (internal citation and quotation marks omitted).

Our understanding of AEDPA's tolling provision is further informed by the Supreme Court's 2007 decision in *Lawrence.* In an earlier proceeding, petitioner had sought Supreme Court review of the denial of his state habeas application. Review was denied. But, while that first petition was pending in the Supreme Court, petitioner applied for federal habeas relief. The application was denied as untimely. Following that ruling's being upheld in circuit court, the Supreme Court addressed whether, pursuant to § 2244(d)(2), AEDPA's limitations period was tolled during the pendency of the first petition for certiorari before the Court, following denial of the state habeas application. *Lawrence,* 549 U.S. at 329–31, 127 S.Ct. 1079.

The Court held it was not: Because the Court "is not a part of a 'State's postconviction procedures'", "[t]he application for state postconviction review is therefore not 'pending' [under § 2244(d)(2)] after the state court's postconviction review is complete...." *Id.* at 332, 127 S.Ct. 1079. AEDPA's limitations period was tolled only during the pendency of post-conviction review by a state court, and resumed immediately thereafter. "*State review ends* when the state courts have *finally resolved* an application for state postconviction relief. After the State's highest court has issued its mandate or denied review, no other state avenues for relief remain open." *Id.* (emphasis added).

### 2.

Accordingly, § 2244(d)(2) requires us to consider state post-conviction procedures to determine, under *Lawrence,* when "state review end[ed]" in this instance. "While the present question requires us to apply the tolling provision of a federal statute, application of that provision ultimately rests on state-law procedural rules." *Evans v. Chavis,* 546 U.S. 189, 205, 126 S.Ct. 846, 163 L.Ed.2d 684 (2006) (Stevens, J., concurring) (citing 28 U.S.C. § 2244(d)(2)); *see also Lookingbill v. Cockrell,* 293 F.3d 256, 260 (5th Cir.2002); *Emerson v. Johnson,* 243 F.3d 931, 935 (5th Cir.2001). Therefore, we look to Mississippi law to determine the point of final resolution of its post-conviction procedures. *See Day v. McDonough,* 547 U.S. 198, 203–205, 126 S.Ct. 1675, 164 L.Ed.2d 376 (2006) (noting AEDPA's tolling provision calculated from issuance of mandate by Florida appellate court; "under Florida law, appellate order 'is pending' until the mandate issues"); *see also Holland v. Florida,* —— U.S. ——, 130 S.Ct. 2549, 2556–57, 177 L.Ed.2d 130 (2010).

Mississippi has a two-tiered appellate court system. All appeals are initially docketed with the Mississippi Supreme Court, where some appeals must be considered. MISS. R.APP. P. 16(b). Many appeals, such as Watts' habeas appeal, are, however, assigned to the Mississippi Court of Appeals. MISS.CODE ANN. § 9–4–3.

Mississippi law provides for discretionary review (certiorari) by the Mississippi Supreme Court of Court of Appeals decisions; and "[a]t any time before final decision by the Court of Appeals, the Supreme Court may, by order, transfer to the Supreme Court any case pending before the Court of Appeals". *Id.; see also Cohen v. State,* 732 So.2d 867, 870 n. 2 (Miss.1998). Following a Court of Appeals decision, the initial step in seeking such discretionary review is by filing a motion for rehearing within 14 days with the Court of Appeals. MISS. R.APP. P. 40(a). A petition for writ of certiorari must be filed with the Mississip-

pi Supreme Court within 14 days of the decision on the motion for rehearing. MISS. R.APP. P. 17(b).

Under Mississippi law, state appellate review becomes final on the date the mandate is issued. *See Puckett v. State*, 834 So.2d 676, 677 (Miss.2002); *see also Gray v. Univ. of Miss. Sch. of Med.*, 996 So.2d 75, 79 (Miss.Ct.App.2008) (noting Supreme Court opinion not final until issuance of the mandate, even though opinion had been issued). Mississippi Rule of Appellate Procedure 41 addresses issuances of mandates by its appellate courts: "Unless otherwise ordered, the mandate of the Court of Appeals shall issue 21 days after the latest of: the entry of judgment; the disposition of a timely motion for rehearing; or the denial or dismissal of a petition for *certiorari* review in the Supreme Court". MISS. R.APP. P. 41(b). Before the mandate is issued, appellate review is not complete; during that time, the Mississippi appellate court may grant a rehearing or stay the mandate pending further review.

For example, Mississippi measures its three-year filing deadline for state habeas petitions "from the date the mandate was issued...." *Bell v. State*, 879 So.2d 423, 430 (Miss.2004). Consequently, an appeal is pending in the Mississippi court until the mandate is issued. In fact, Mississippi precedent shows that further appellate review is possible after the final decision of the state appellate court and before the mandate is issued. *Twillie v. State*, 892 So.2d 246, 247 (Miss.Ct.App.2004) (granting rehearing of state post-conviction appeal on court's own motion after first denying motion for rehearing); *Smith v. Parkerson Lumber, Inc.*, 888 So.2d 1197, 1199–1200 (Miss.Ct.App.2004) (granting rehearing upon court's own motion); *Lacking v. State*, 775 So.2d 731, 732 (Miss.Ct. App.2000) (granting state's motion for modification, withdrawing original opinion, and substituting new opinion).

As another example, a motion for rehearing is relevant to tolling AEDPA's limitations period, even if that motion is untimely. Our court has previously held, in the light of Supreme Court precedent, that "AEDPA's one-year statute of limitations is tolled during the period in which a Texas habeas petitioner *has filed* ... a motion [for rehearing or reconsideration]". *Emerson*, 243 F.3d at 935 (emphasis in original). Watts filed a motion for rehearing after the Mississippi Court of Appeals affirmed denial of post-conviction relief and before the Mississippi Supreme Court denied his petition for writ of certiorari. As discussed *supra*, this was necessary because Mississippi Rule of Appellate Procedure 17 requires that, prior to filing such a petition, the party must first seek rehearing from the Court of Appeals. MISS. R.APP. P. 17(b).

Contrary to the State's suggestion, *Roberts v. Cockrell*, 319 F.3d 690, 694–95 (5th Cir.2003), and *Gonzalez v. Thaler*, 623 F.3d 222, 225–26 (5th Cir.2010), are not applicable. Both concern subpart (d)(1), not (d)(2), of § 2244. In each, discretionary review was not sought from the highest state court (Texas), following an adverse judgment by a court of appeals.

In determining when a judgment becomes "final" for purposes of subpart (d)(1)'s *triggering provision*, *Roberts* held AEDPA's limitations period begins to run on the last day, under state law, that petitioner could seek direct review of the judgment. *Roberts*, 319 F.3d at 694–95. Consequently, our court held the mandate's issuance date was irrelevant in calculating when AEDPA's one-year statute of limitations begins to run. *Id.*

*Gonzalez* held *Roberts* had not been overruled by the Supreme Court's above-discussed, intervening, 2007 decision in

*Lawrence,* ruling *Lawrence* did not impact "finality" for purposes of § 2244(d)(1). *Gonzalez,* 623 F.3d at 225. "First, and most importantly, the Court was interpreting the AEDPA's tolling provision, § 2244(d)(2), not its triggering provision, § 2244(d)(1), in *Lawrence.*" *Id.* Our court pointed out that it was addressing the relevance of a mandate for a prisoner's *original* conviction, *not* a mandate for a prisoner's state post-conviction petition. *Id.* The latter, of course, is at issue here and is of consequence to § 2244(d)(2)'s tolling provision.

Therefore, in the light of Mississippi law, AEDPA's one-year limitations period was tolled until 26 February 2009, when the mandate was issued by the state appellate court. This was the date on which all state post-conviction procedures were complete.

Watts' conviction became final on 29 December 2005. AEDPA's one-year limitations period was tolled from 31 August 2006 to 26 February 2009, leaving 120 days for filing his § 2254 petition. The limitations period resumed on 27 February 2009, and Watts filed his federal petition on 25 June 2009–within those 120 days.

### III.

For the foregoing reasons, the timely-filing order is AFFIRMED and this matter is REMANDED to district court for further proceedings.